## THE STATE v. JOHN FAUCETT.

Where the Statute provided that " every person who shall mark or brand any " unmarked or unbranded horse, &c., not being his own property, and without " the consent of the owner, shall, on conviction thereof," &c., and the indictment was drawn in the language of the Statute, it was held that the indictment was properly quashed, for want of an averment of the ownsrship of the animal, or that the owner was unknown.

Appeal from Bastrop. The indictment was in the language of the Statute, but did not contain any averment of the ownership of the animal, or that the owner was unknown. Motion to quash ; sustained.

*Attorney General*, for appellant.

WHEELER, J.   This indictment was framed under Article

381 of the Digest. It does not contain an averment of the ownership of the property. It was quashed on motion ; and the question is whether it was rightly quashed, as being defective and insufficient in the particular indicated. We are of opinion that it was. The ownership of the property is an essential ingredient in the offence ; and as necessary to be stated in this case, as in the case of larceny. The cases of Welsh v. The State, (11 Tex. R. 368,) and The State v. Warren, (13 Id. 45,) were indictments under provisions of the Statute, similar, in their structure and definition of the offence, to the present. And in those cases the ownership of the property was averred. The offence charged, though created by Statute, is, in its nature, essentially the same as the crime of larceny ; and though all the ingredients, necessary to constitute that offence, do not enter into the definition of this, and, consequently, need not be averred and proved in order to authorize a conviction under the Statute ; yet the ownership of the property does as certainly enter into and constitute an ingredient in this offence, as in that of larceny. As in that case, so in this, the property in the animal should be averred in the true owner, if known ; and, if not known it should be stated in the indictment, that it was the property of some person to the jurors unknown. (Arch. Cr. Pr. & Pl. Vol. 2, p. 558–7, 2nd Edit.)

We are of opinion that the Court did not err in its judgment ; and that it be and that it is affirmed.

Judgment affirmed.