### E. S. COCHRAN v. THE STATE.

An indictment charged that the defendant "on the fifteenth day of May, in the year of our Lord one thousand eight hundred and fifty-nine, with force and arms, in the county aforesaid, did sell spirituous liquors in less quantities than a quart, without then and there having a license so to do;" *held*, that the offence was described with sufficient accuracy, and that the iudictment was not defective because it failed to allege the character of the liquor, or to whom it was sold, and the place where it was sold.

See this case for a charge of the court below which was held to be correct, and for evidence which was held sufficient to sustain the verdict on the trial under the foregoing indictment.

Every man has the right and is supposed to control his premises; and where an act is done in his house, during his presence, without any effort on his part to prevent it, it must be inferred that it was done with his consent: as if a party permits liquor to be drank in his house and in his presence without objection, the presumption is that it was done with his consent.

APPEAL from Fayette. Tried below before the Hon. George W. Smith.

E. S. Cochran, the appellant, was indicted for selling spirituous liquors in less quantities than a quart, without first having obtained a license therefor. The indictment charged that the defendant "on the fifteenth day of May, in the year of our Lord one thousand eight hundred and fifty-nine, with force and arms, in the county aforesaid, did sell spirituous liquors in less quantities than one quart, without then and there having a license so to do."

The defendant moved to quash the indictment because it did not

show the kind of liquor sold, or to whom sold; which motion was overruled.

David S. Bordin for the State, testified that he was in the grocery store of defendant in the town of Lagrange, Fayette county, Texas, on the 16th day of May, 1859, in company with others. Witness asked defendant for a quart bottle of whisky. Defendant handed him the whisky and charged it to him. He and his companions then walked to the back part of the store room in the same establishment, and he with the others drank the whisky out of the bottle; did not know whether or not defendant saw him; might have seen him; there was nothing to prevent it; witness did not pay for the whisky then or since; has never been called on for any pay; does not know that it was charged to him; he had no account with Cochran at the time he got the whisky; had repeatedly gotten whisky there by the drink without paying for it, or having it charged to him; witness often before that time got whisky and oysters from defendant; told defendant at the time that he had no money; defendant did not object to their drinking whisky in his store. Other witnesses for the State testified in substance to the same effect.

The court charged the jury: "If you believe from the evidence in the cause that the defendant did sell spirituous, vinous or intoxicating liquors, in quantity of a quart or more, as charged in the indictment, and permitted the same to be drank at the place or establishment where sold, or if he sold in a quantity less than a quart, whether he permitted the same to be drank at the place, or establishment, where sold, or not, then you will find the defendant guilty and fine him in a sum not less than $50, nor more than $250. The sale of the liquor within the meaning of the law could as well be made on a credit as for ready payment; and it is wholly immaterial whether the defendant was in the habit of giving away liquor or not at his establishment. If he sold it in this instance as above specified, he is guilty. If the defendant gave the liquor to Bordin and did not expect or intend to receive pay for it, then you would find there was no sale, but a gift. It is not necessary that the State should show that the defendant actually made an entry or charge for the liquor on the books of his estab-

lishment; but if he let Bordin have the liquor with the understanding expressed or implied that Bordin was to pay for it, then you should find there was a sale of the liquor. If Bordin purchased the liquor and drank it at the establishment or place where the defendant sold it to him, and if it was drank there with the knowledge of the defendant and he made no objection to Bordin and others drinking it there, then you should find that he permitted it to be drank there within the meaning of the law."

Verdict and judgment against defendant. Motion for new trial overruled, and appeal by defendant.

*L. F. Price*, for appellant.

*Attorney General*, for appellee.

MOORE, J. The exceptions to the indictment were properly overruled. The only one of them which seems entitled to notice, or upon which counsel have insisted in this court, is that which alleges a want of sufficient certainty in the indictment, because it does not allege the character of the liquor sold, to whom it was sold, nor the place where it was sold. The principle involved in this exception, has been fully settled by former decisions of this court. The case of Prior v. The State, 4 Tex., 383, decides that it is not necessary, in an indictment for playing cards in a house for retailing spirituous liquors, to state the name of the occupant of the house. In Sublett v. The State, it is said, that such an indictment need not contain any allegations for the purpose of identifying the particular place in which the playing is charged to have been done. And Horan v. The State holds, that an indictment for permitting "cards to be played in his house, said house being then and there situate in the county aforesaid, and kept by the said Horan for retailing spirituous liquors," is sufficiently certain, although it was objected, that neither the particular game that was played, or the house in which it was played, were pointed out by it. The code declares, (Art. 396, Code Crim. Pro.,) that "it is not necessary to state in an indictment, anything which it is not necessary to prove." This indictment con-

Cochran v. The State.

tains all the ingredients of the offence given in the code, and all that the State was required to prove. It has all the requisites that the code of criminal procedure enumerates, to constitute a sufficient indictment. As was said in the case last referred to, the certainty prescribed for an indictment, does not require so minute a description of the offence, as to entirely supersede proof of its identity, when the judgment is pleaded in bar to a second prosecution.

The charge of the court was correct, and the evidence was amply sufficient to sustain the verdict. That appellant's witnesses did not hear the statement made by the witness for the State, when he purchased the liquor, by no means shows that the transaction did not occur as detailed by him. If, however, the witness had gotten the liquor without requesting that it should be charged to him, the other facts fully warrant the conclusion that it was sold. Appellant kept liquor to sell in quantities of a quart or more; the witness and others were in the habit of purchasing it of him. The only reasonable presumption would be, that appellant let the witness have it as a purchaser. It is also to be presumed, that he permitted it to be drank in his house. Every man has the right, and is supposed to control his premises; and when an act is done in his house during his presence, without any effort on his part to prevent it, it must be inferred that it was done with his consent. As there is no error in the judgment, it is affirmed.

Judgment affirmed.