THE STATE v. THOMAS HAWS.

UNLAWFUL STOCK BRANDING.—An indictment will lie for unlawfully branding a colt whose owner is unknown.

APPEAL from Medina.  Tried below before the Hon. J. J. Thornton.

*George Clark, Attorney General,* for the State, cited Pas. Dig., art. 2411; Welsh *v.* The State, 11 Tex., 368; State *v.* Warren, 13 Tex., 45; State *v.* Faucett, 15 Tex., 585; State *v.* Hall, 27 Tex., 334.

No brief for appellee.

GOULD, ASSOCIATE JUSTICE.—The indictment in this case charges, with appropriate averments as to time and place, "that Thomas Haws did unlawfully brand a certain colt, to wit, a sorrel mare colt, said colt being then and there not his own, and being then and there the property of some person whose name is unknown to the grand jurors, without the consent of the owner, and with the intent to defraud the owner thereof." On motion of defendant the indictment was quashed, the ground set up being that it

was "so loose and indefinite in its allegations that it described no offense known to the law." From this ruling the State has appealed.

The indictment follows the language of the statute. (Pas. Dig., art. 2411.) It describes the animal "by its specific designation in the statute," and it does not appear that greater certainty of description was practicable. (See Dignowitty v. State, 17 Tex., 521.) The description would support a common-law indictment for larceny. (Whart. Prec., p. 190, note *a;* Bishop's Cr. Prac., vol. 2, sec. 700.) Where the ownership of the animal is unknown, it is sufficient to allege that fact. (State v. Faucett, 15 Tex., 585.) It is not defective in alleging the want of the owner's consent, or the intent to defraud. (State v. Hall., 27 Tex., 333.) We have not had the benefit of brief or argument by appellee, and have been unable to see any good reason for quashing the indictment.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.