## DICK AUSTIN v. THE STATE.

1. THEFT. Asportation is not necessary to be alleged or proved in order to a conviction for theft.
2. INDICTMENT. It is not necessary to allege that the taking in theft was " felonious ;" the word " fraudulently " is equivalent to " feloniously."
3. CONTINUANCE. On defendant complying with the statutory requirement for the first continuance, it is error to refuse the application.

APPEAL from Grimes. Tried below before the Hon. J. R. Burnett.

At the June term, 1874, Dick Austin was indicted in Grimes county, for theft from a house. In July following, he was arrested. October 5th, the fall term commenced, when the case was called. The indictment and exceptions thereto are sufficiently shown in the opinion.

October 15th, the defendant asked a continuance, the application being as follows:

"The State of Texas,　　And now comes the defendant and
　　　" v.　　　　moves the court to grant him a contin-
　" Dick Austin.　　uance in the above entitled cause, for ".that he says he cannot go safely to trial at this term of the " court for the want of the testimony of Sarah Alston, who re-" sides in Grimes county, and whose testimony is material to his " defense. Affiant states that he has used due diligence in " procuring the attendance of said witness, by causing the is-" suance and service of a subpœna in and upon said witness; " that she is absent not with consent or procurement of defend-" ant. Affiant expects to prove by the absent witness, that he " was not at the house of Robert Smith at the time the offense " was committed, that he was with the absent witness, and fur-" ther, that at the time the offense is charged to have been " committed, he was under the age of thirteen years. Affiant " further states that he knows of no other source from which " said ـtestimony can be procured; and that this application is " not made for delay, but that justice may be done."

The application for continuance was overruled; the judge stating, in the bill of exceptions, "'the application for contin-" nance shows no diligence."

The jury found defendant guilty, and fixed the punishment at two years in the penitentiary. Judgment and sentence accordingly, and defendant appealed.

*J. Earl Preston*, for appellant.

*N. G. Kittrell*, for State.

Divine, J. The appellant was convicted at the October term, 1874, of the offense of theft from a house, and his punishment assessed at two years in the penitentiary.

The motion to quash the indictment, on the ground that it charged no offense known to the law, that it contained no sufficient allegations that the personal property was taken, stolen

and carried away by the defendant, and that the indictment does not state the character of the house, whether dwelling, store or outhouse, from which the property was stolen, embrace all the grounds relied on for. a reversal.  It is argued on behalf of appellant, that the indictment does. not charge an asportation, or taking away of the property from the owner, Smith.    The indictment charged that the defendant " did " then and there fraudulently take from the possession of " Robert Smith, and from the house of said Smith, without " the consent," we are satisfied this is a sufficient charging of an offense of this character.  Article 747 of the Criminal Code, declares, that " To constitute ' taking,' it is not necessary that " the property be removed any distance from. the place of tak-" ing; it is sufficient it has been in the possession of the thief, " though it may not have been out of the presence of the per-" son deprived of it."    The omission of the word " felonious-" ly " from the indictment is not a defect; it is not required in charging the offense laid in 'the indictment;  the term "fraudulently" is the equivalent for feloniously; the Code has so made it.    This point was raised and the question decided in Calvin v. The State, 25 Texas, 793, where it was said, " that since the adoption of our Penal Code, the word ' feloni-" ' ously ' is not indispensable to the validity of an indictment, " even for a capital felony."    In Prim v. The State, 32 Texas, 158, the court held that the word " feloniously " is not necessary in an indictment for theft, the Code having substituted the word "fraudulently."    In Cain v. The State, 18 Texas, 389, where it was held that the word " feloniously" must be averred the indictment was found and case decided before the Penal Code went into effect, and in no way applies to the case at bar.    The objection that the indictment fails to allege the character of house is shown by reference to the article under which this indictment was found to be unimportant, the Articles 728 and 729 of Chapter VI. of the Penal Code, respecting burglary, define a house to be " any building or structure " erected for public or private use, whether property of the

" United States, of this State, or of any other public or private " corporation, or association, or of any individual, and of what- " ever material it may be composed," and a dwelling-house is " any house where any person habitually sleeps." The articles referred to embrace the only definitions in the Code of the word house, or the only classification of the structures known under the general term of houses. The accused was not in- dicted for theft from a dwelling-house; .the charge was theft from a house, which, .in the language of Article 728, means " any building erected for public or private use, whatever the " material may be of which it is constructed," and a further description was not required.

The assignment, that the court erred in overruling defend- ant's motion for a continuance is shown by the affidavit, mo- tion, and bill of exceptions, to be well taken.

The affidavit was for a first continuance. It stated all that is required on such an application by Article 2987, Paschal's Digest. The bill of exceptions taken to the refusal of the court to grant the continuance, contains over the signature of the judge, the following words : " The application for contin- " uance shows no diligence."

The application shows that the evidence sought was impor- tant for the defense; that the witness by whom he could prove the facts alleged by him was a resident of Grimes county; that a subpœna had been issued on his application, and served on the witness. This we believe, in this case, to have been sufficient, or due diligence. An attachment for a witness residing in the county could not have issued until the witness had failed to obey a subpœna. (Paschal's Digest, Article 2907.) The amendment to Article 435 of the Penal Code, passed May 27, 1873, does not affect the provisions of Article 436, and the amendments to Articles 379 and 380 of the Code of Procedure, contained in 2 Paschal's Digest, Arti- cles 6601 and 6602, relate solely to enforcing the attendance of witnesses before the grand juries.

The affidavit was a compliance with the law, on the first ap-

plication for a continuance, and should have been allowed. For this refusal the judgment is reversed, and the cause is remanded.

> Reversed and remanded.