DICK SHACKELFORD v. THE STATE.

1. CONTINUANCE.—When the requisites of the statute which entitle a party to the continuance of his cause have been complied with, and no fact is shown to discredit or falsify the affidavit which shows them, the continuance becomes a matter of right to him who asks it, and cannot be refused on the ground that the court offered to postpone the trial of the case for two weeks after it was called for trial to enable the party to procure the attendance of witnesses.
2. EVIDENCE—DECLARATIONS.—When the declarations made by a witness to one accused of crime, charging him with it, are given in evidence by the State, the defendant is entitled, on cross-examination, to have in evidence the response made to the accusations.
3. RES GESTÆ.—The statements of one accused of theft, when first arrested, after being found in possession of stolen property, but against whom the evidence of guilt is only circumstantial, constitute part of the res gestæ, and are admissible in evidence in his defense.
4. PRACTICE.—It is the duty of the court to check all assaults on the character, motives, or conduct of counsel, made in argument of a cause, and when admonition fails, to enforce obedience by fine and imprisonment.

APPEAL from Johnson.  Tried below before the Hon. A. J. Hood.

There is nothing in the facts of this case, which are somewhat voluminous, that make their statement necessary to a proper understanding of the opinion.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—In this case appellant was convicted on the charge of having stolen a mule, the property of Ambrose House.

The defendant's motions in arrest of judgment and for a

new trial being overruled, it is brought before us on six bills of exceptions, and the following assignments of error: 1st. That "the court erred in overruling defendant's motion for a continuance." "2d. The court erred in the admission of and rejection of testimony, and to the ruling in regard to the closing speech of the district attorney, all as shown in the bills of exceptions." "3d. The court erred in giving instructions to the jury, and refusing the instructions asked by defendant."

The first assignment of error requires a reversal of the judgment. The defendant was indicted on the 12th day of August, 1874. On the 26th of the same month the cause, among others, was called for such action "as to the court seemed lawful." When defendant's counsel moved the court to grant a continuance until the next term, the affidavit in support of the motion stating that Elliott and Russell, residents of Comanche county, and D. B. Blackburn, a resident of Parker county, and E. Golding, a resident of Johnson county, were material witnesses for his defense; that he had used due diligence to procure their attendance by causing attachments to issue from the district clerk's office on the day of his indictment by the grand jury; that they were duly mailed; that, not content with this diligence, his attorney sent one Van Meredith with additional attachments to Comanche county; that the witnesses were temporarily absent; that the attachment to Parker county for Blackburn was returned not served; that he was informed a second attachment had been sent for Blackburn by order of the court, and not yet returned; that a subpœna had been issued for Golding, a resident of the county, a week before, and not served, Golding being temporarily absent in Hill county, and facts were stated that, if shown on the trial, would have been material to his defense.

The affidavit stated all and more than is required on the first application for a continuance, and nothing appears

from the exception taken that shows what was stated was not true.   The only question raised was the supposed want of diligence in securing the attendance of the witnesses. The sheriff and magistrate who committed the accused stated he had been committed, in default of a thousand dollars' bail, to the county jail on the 28th of March, 1874; that he remained for safe-keeping in Hood county jail until the indictment was presented, when he was removed on that day to the jail of Johnson county, on which day his application for attachments were made and the same were issued.   These facts do not show a want of due diligence.

The fact that the court offered to postpone the trial of the case for two weeks, and issue attachments and send the sheriff or his deputy for the witnesses, and that defendant's counsel refused the offer and declared that his affidavit for a continuance was ready to be presented, cannot defeat his legal right to a continuance on this his first application, when all the demands of the code were fully complied with and no fact is shown to discredit or falsify his statements.

The objection to the admission and refusal of evidence, so far as the same is referred to in the second and third bills of exceptions, requires no further notice than the statement that the time the prisoner had been in jail and the amount of bail required were irrelevant matters, and should not in this case have been introduced by the State. When the owner of the mule and witness for the State testified to what he said to the prisoner in charging him with having stolen his mule, the accused had a right, on the cross-examination, to ask the witness what accused said in reply to the accusation of theft by the State's witness.   Such question cannot be considered as irrelevant, or tending to elicit irrelevant matter, and it was error to exclude it

The statements of defendant, after he was overtaken by his pursuers in Erath county, were, we believe, under all the

circumstances of this case, admissible.   The proof against
the accused was entirely circumstantial—how strong or
weak, it is not proper to say.   He was found in the pos-
session of the animal by the persons sent by the owner to
recover the mule.   We believe the statements of the ac-
cused constituted a part of the "*res gestæ*," and should have
been admitted.   It is often difficult to determine as to the
admissibility or exclusion of the statements or explanations
offered by an accused person.   It is safer, if there be a
question of doubt or uncertainty, to solve the doubt by
ruling in favor of the accused.

The fifth bill of exceptions, to the refusal of the court to
permit a witness to state from " hearsay " the residence of
the accused, was proper.   The question was irrelevant,
and, independent of that fact, as mere hearsay evidence,
the objection to its introduction was properly sustained.
There was no error in the charge of the court.   As the
case then presented itself to the jury, the charge was as
favorable to the accused as the facts allowed.   The instruc-
tions asked by defendant had been given in substance in
the general charge of the court, and the court did not err
in overruling the motion in arrest of judgment.

The sixth bill of exceptions sets out at length the assign-
ment of error in which complaint is made of the ruling,
on the course pursued by the district attorney in his clos-
ing address to the jury, and the failure of the court to pre-
vent the same.   It is alleged that the remarks were of a
personal character and had no reference to the evidence
in the cause.   It is only necessary to remark that the dis-
trict judge is the only person possessing, under the law,
the power to control and give direction to proceedings in
the District Court, so far as the language or actions of
those present are concerned, in matters not relating to
questions of law, and that he has the power, and it is his
duty, to compel all persons, without distinction, to observe
during the sittings of the court that degree of decorum

which is or should be inseparably connected with the proper administration of the law. The rights of litigants in civil cases, and the interests of the State and the accused in criminal proceedings, alike require it. While the character of the profession and the position of the presiding officer of the court call for the enforcement of order and courtesy, the upholding that respect for the administration of the law which goes so far in aid of its efficiency demands from the presiding judge at all times a temperate but firm exercise of the power vested in him to check all assaults on the motives, character, or conduct of counsel, and with decision terminate the unseemly " war of words," such as marked the close of the trial of this cause in the District Court; and when administered fails, to enforce order by fine and imprisonment, if necessary.

This subject would not have received more than a passing remark, believing, as we do, that it belongs to the court where the question originated to restrain the wrong complained of, but the counsel for appellant has, however, made it the subject of a lengthy bill of exceptions, one of the errors assigned, and has commented on and urged it in his brief.

Without intending 'to interfere with what it is believed is the peculiar province of the district judge, and desiring that our views as herein expressed shall not be considered in the light of unfavorable comment on the course pursued by the district judge—his statement to the bill of exceptions fully explaining his position on this question —the arguing or commenting upon matters not in evidence and which tended seriously to prejudice a jury against a party to a suit, or seriously affecting the rights of a defendant in a criminal proceeding, might be so extreme, when not promptly restrained by the presiding judge, as would, we believe, justify and demand from this court the reversal of a judgment rendered in favor of such offending party. It is the plain and positive duty of the

judge presiding to require counsel to confine themselves in argument to the cause as presented by the pleadings and evidence, and all remarks intended to excite passion or hatred against opposing counsel should be promptly rebuked and restrained.

For the error in overruling defendant's motion for a continuance, and in excluding the question on the cross-examination of the State's witness as to what defendant said in reply to the charge of the theft, and his statement or explanation as to his possession of the mule when found by those sent by the owner after it, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.