THE STATE v. JAMES ELMORE.

ASSAULT UPON A PERSON WHOSE NAME IS UNKNOWN.—An indictment charging an assault "upon one ———, a freedman, whose name is to the grand jurors unknown," is good. It is error to sustain exceptions to it for want of the name or description of the party assaulted.

APPEAL from Delta.   Tried below before the Hon. W. H. Andrews.

*A. J. Peeler, Assistant Attorney General,* for the State.

IRELAND, ASSOCIATE JUSTICE.—The objections urged to the indictment in this case are not tenable.   No good reason is shown why the indictment is not good.   The party said to have been assaulted is described as "one ———, a freedman, whose name is to the grand jurors unknown."

We think it sufficiently appears that the assault was made upon a person, and if his name was not known to the grand jury it was competent to describe the party as is done in this case.

It may be said that the name is necessary to enable the defendant to plead the judgment in bar to another prosecution.   To this it may be answered that indictments are not required, especially in misdemeanor cases, to be so minute as to dispense with other proof in pleading former conviction and acquittal.   (Cochran *v.* The State, 26 Tex., 678;

---

---

Prior *v.* The State, 4 Tex., 383 ; Phillips *v.* The State, 29 Tex., 235.)

The court erred in setting the indictment aside, and the judgment is reversed.

REVERSED.