### FRANK PEELER *v.* THE STATE.

A FIRST CONTINUANCE is a matter of right when the requirements of the statute have been complied with, and no fact discrediting or falsifying the affidavit is shown; and under such circumstances a refusal of the continuance is error.

APPEAL from the District Court of Johnson. Tried below before the Hon. D. M. PRENDERGAST.

No brief for the appellant has come to the hands of the reporters.

*H. H. Boone,* Attorney General, and *W. B. Dunham,* for the State.

WHITE, J.    The indictment in this case, which is a good one, was framed under Article 321 of the Penal Code (Pasc. Dig., Art. 1946), which is as follows : " If any person shall convey into any jail any disguise, instrument, arms, or any other thing useful to aid any prisoner in escaping, with intent to facilitate the escape of a prisoner lawfully detained in such jail on an accusation of felony, or shall, in any other manner calculated to effect the object, aid in the escape of a prisoner legally confined in jail, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years."

Defendant made an application for a continuance, which was overruled by the court, and bill of exceptions saved. It is admitted by the attorney general that the application shows due diligence to obtain the testimony of the witness. We are of the same opinion. Where such is the case the rule is, when the application for continuance complies with the requirements of the statute, no discretion exists in granting it. *Dinkens* v. *The State,* 42 Texas, 250. And it is error to refuse an application for a first continuance

which complies with the statutory requirements. *Austin* v. *The State*, 42 Texas, 345; *Skaro* v. *The State*, 43 Texas, 88.

" When the requisites of the statute which entitle a party to the continuance of his cause have been complied with, and no fact is shown to discredit or falsify the affidavit which shows them, the continuance becomes a matter of right to him who asks it." *Shackleford* v. *The State*, 43 Texas, 138.

For the error of the court in refusing to grant the continuance in the case the judgment is reversed and the cause remanded.

*Reversed and remanded.*