## Antonio Jorasco v. The State.

1. Indictment — Theft. — Since the adoption of the Penal Code, it has not been necessary that indictments for theft should use the word "feloniously." The statutory word is "fraudulent," and "fraudulently" is the proper substitute for "feloniously." An indictment for even a capital felony need not, under our Code, employ the word "feloniously."

2. Same. — And instead of the word "steal," and its derivatives, our statutory definition of theft employs the term "fraudulent taking."

3. Same. — Nor is it necessary, in this State, that an indictment for theft shall allege an asportation or carrying away of the property. The Code eliminates that element of the common-law offence of larceny.

4. Same. — Indictment for theft may allege that the thing stolen was the property of a person to the grand jurors unknown, and that it was taken from the possession of said person unknown.

5. Same — Variance — Evidence. — But held, that if, on the trial of such an indictment, it appears from the evidence that the name of the owner, or of the party injured, and alleged to be unknown, was known to the grand jury, or could, by proper inquiry of the witnesses before them, have been ascertained by them, then the variance between the allegation and the proof is fatal, and a conviction cannot be sustained. See the opinion in extenso on this ruling, and for a state of case to which it applies.

Appeal from the District Court of Travis. Tried below before the Hon. E. B. Turner.

The opinion clearly discloses the facts.

*R. M. Russell*, for the appellant. Would it have met the allegation in the indictment, "from some persons to the grand jurors unknown," to have shown in evidence the name of the person from whom the theft was committed? Is it not often the case that the person from whom the theft was committed is unknown to the grand jury, and yet that the name of the person is known? Why not, then, state that not only the person is unknown to the grand jury, but the name of that person is unknown, and describe said person the best they can; so that if, at some future time, the same party be charged in a like indictment for the same offence, he could say : "I have been tried and acquitted, — or

convicted, as the case may be, — and would like to have an end of the prosecution; don't try me any more under this indictment, or on the same charge; let us have some termination of this matter." Pasc. Dig., art. 2865.

This conviction could never be pleaded in bar; there is no description of the property charged to have been stolen; there is no name (person unknown) in the indictment. Therefore, when at some future time arrested for this same offence, and in his defence the appellant would present this indictment, or a certified copy of it, and say, " I have been tried for that," it would at once, so soon as the attorney for the State inspected it and called the attention of the court to it, be said, " You are charged with stealing a bay gelding from A. B, ; this indictment which you now present, and the judgment thereon, do not state that you stole a bay gelding from A. B., but states that you stole a gelding from some person unknown; and, therefore, you cannot set that up in bar to this prosecution." Pasc. Dig., art. 2865.

The allegation in the indictment, " from some person to the grand jurors unknown," was a material one, to be proven to the satisfaction of the jury, as any other fact. The indictment fails to state the name of the person, or that his name is unknown, and there is no intimation in the indictment that the name of the person could not be ascertained. " But, if the name of the person killed cannot be *ascertained*, an indictment for the murder of a certain person, to the jurors unknown, will be valid." 1 Chitty's Cr. Law, 212; 3 Id. 733; 2 Hale, 181; *Reed* v. *The State*, 16 Ark. 501; *The State* v. *Furlong*, 19 Me. 225; 1 Bishop's Cr. Proc., sect. 302; *Culberson* v. *The State*, 2 Texas Ct. App. 324.

There is no evidence of the fact that the name of the person was unknown to the grand jury. There is no evidence of the fact that the person was unknown to the grand jury. *Reed* v. *The State*, 16 Ark. 502; *Cameron* v. *The State*, 13 Ark. 712; 1 Bishop's Cr. Proc. 300; *Blodget* v. *The State*, 3 Ind. 403; 1 Chitty's Cr. Law, 213.

So, then, can it be said that the broad allegation, "from some person to the grand jurors unknown," without proof to that fact, would warrant a verdict of guilty, without the foreman of the grand jury, or at least some member thereof, being placed upon the witness-stand, and testifying that diligent search or inquiry had been made for said "person unknown to the grand jury," and for a description of him, or his name, and that said search or inquiry had failed to ascertain the person, or his description, or his name.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.   The three principal grounds relied upon in the motion to quash the indictment were: 1. That it did not charge that the property was "feloniously" taken. 2. It did not charge that the property was stolen and carried away.   3. It did not state the name of the owner of the property stolen.

Since the adoption of our Penal Code, the word "feloniously" is not required in charging the offence laid in the indictment.   In theft, the statutory word is "fraudulent," and "fraudulently" is the equivalent of "feloniously." Even in an indictment for a capital felony, the word "feloniously" is not indispensable to its validity.   *Calvin* v. *The State*, 25 Texas, 793; *Prim* v. *The State*, 32 Texas, 158; *Austin* v. *The State*, 42 Texas, 345.   And so, the words "steal," "stolen," or "stealing" are not used in the statutory definition of theft.   "Fraudulent taking" is the term used to characterize the offence.   Pasc. Dig., art. 2381. Nor is it necessary, in an indictment for theft, to allege asportation, — that is, that the property was carried away. The language of the statute is that, "to constitute ' taking,' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be removed out of the presence of the person deprived of

it," etc.    Pasc. Dig., art. 2384 ; *Austin* v. *The State*, 42 Texas, 345.

With regard to the third objection raised to the indictment, the language used is, that the defendant " did, then and there, unlawfully and fraudulently take from the possession of some person to the grand jurors unknown." That such an allegation is sufficient, where the name of the injured party is unknown, has been repeatedly held in our State, and is a rule well established by common law and elementary authorities.    *Elmore* v. *The State*, 44 Texas, 102 ; *The State* v. *Haws*, 41 Texas, 161 ; *Culberson* v. *The State*, 2 Texas Ct. App. 324 ; *Williams* v. *The State*, 3 Texas Ct. App. 123, and authorities there cited ; *Taylor* v. *The State*, 5 Texas Ct. App. 1.    The indictment is good, and the court did not err in overruling the motion to quash.

But, whilst the indictment itself is good, it is most earnestly contended that the evidence not only does not sustain the allegation of ownership, but is fatally variant from it ; in other words, that the name of the owner of the stolen animal was not unknown, but was known to the witnesses upon whose testimony the indictment must have been found, and upon whose testimony the conviction was had, and could have been known to the grand jury by the use of ordinary diligence.    We know of no adjudicated case in this State wherein this question was raised.

Mr. Greenleaf, in his celebrated work on Evidence, states the rule thus : "As it is required in indictments that the names of the persons injured, and of all others whose existence is legally essential to the charge, be set forth, if known, it is of course material that they be precisely proved as laid.    Thus, the name of the legal owner, general or special, of the goods stolen, or intended to be stolen, must be alleged and proved.    And if the person be described as one whose name is to the jurors unknown, and it be proved that he was known, the variance is fatal, and the prisoner will be acquitted.    But this averment will be supported by

proof that the name of the person could not be ascertained by any reasonable diligence." 3 Greenl. on Ev., sect. 22.

Mr. Bishop, in his standard work on Criminal Procedure, declares the law as follows: " In these cases, suppose it turns out on the evidence that the grand jury were wilfully ignorant, and might have known the name if they had chosen ; then, the reason on which this form of the allegation is allowed, failing, the allegation will be held on the trial to be insufficient, or to be insufficiently sustained by the proofs adduced. As observed in an English case, ' the want of description is only excused when the name cannot be known.' In other words, since the doctrine which allows this form of the allegation rests on necessity, it can be sustained no further than its foundation extends. If the grand jury could readily inform itself of the name, but would not, there is no higher reason for omitting the usual allegation than if it knew the name, and chose not to allege it." 1 Bishop's Cr. Proc. (2d ed.), sect. 549.

Again, he says: " If the indictment alleges the name of the person as unknown, and on the trial the name is disclosed in the evidence, this does not work a variance, unless it is also shown that the grand jury knew the name." Id., sect. 551. " When, in these cases, it is usually necessary to mention the name of the third person, and the pleader excuses himself by alleging that the name is unknown, the averment must be proved to the jury, the same in the latter circumstances as in the former. The books do not much enlighten us concerning the presumptions of evidence here ; but, on principle, the matter seems to be somewhat as follows : If, on the trial before the petit jury, the name appears to be unknown, then the inference is that it was equally unknown to the grand jury. On the the other hand, if the name is disclosed, the jury will be justified in doubting whether it was unknown to the grand jury, unless some thing appears in the course of the evidence to remove the doubt and satisfy their minds. * * * We should prob-

ably err, however, if we were to assume that, in the ordinary circumstances of a trial, without reference to special facts, the jury would be justified in finding a verdict upon a count alleging the name to be unknown, wherever there was a mere absence of evidence respecting the name. In other words, this averment must, as already stated, be sustained by the proof, the same as the other averments." Id., sect. 552.

There are numerous English decisions cited by both Mr. Greenleaf and Mr. Bishop in support of this doctrine; and the same rule is laid down in 1 Chitty's Cr. Law, 213. The leading American cases upon the subject appear to be: *Check* v. *The State*, 38 Ala. 227; *Cameron* v. *The State*, 13 Ark. 712; *Reed* v. *The State*, 16 Ark. 499; *Blodget* v. *The State*, 3 Ind. 403. Mr. Wharton enunciates the same doctrine in his work on American Criminal Law (vol. 1, 6th ed., sect. 251).

In the case at bar, the evidence shows that the gelding stolen was the property of one James Story. This fact seems to have been known to the witnesses Nance, Dimmick, and Jackman, three of the four witnesses who testified on the trial, and must also have been known to Blocker, the party to whom the horse had been sold by Nance, and who, with Nance, gave up and surrendered the horse to Jackman, as the property of and belonging to Story. The indictment must have been found upon the testimony of some, if not all, of these witnesses; and if so, the grand jury could have found out the name of the owner by simply asking it. Under such circumstances, they should have sought and obtained the information. On the trial, it was not attempted to explain or account for their failure to do so.

The evidence not only fails to establish the allegation of ownership as laid in the indictment, but directly contradicts it; and that, too, in such a manner as forces upon us the conviction that the apparent contradiction could have easily been avoided by the exercise of ordinary diligence. We

can scarcely presume that a grand jury, investigating a case of theft of animals, would neglect so important a question as the name of the party from whom the animal was stolen, and to whom it belonged. If they had asked either of the three witnesses above named as having been examined upon the trial, or Blocker, the party who gave up the horse as being the property of Story, any one of them could have given such information, to say the least of it, as would have led to the discovery of the name of the true owner.

Because the evidence does not sustain the indictment, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*