## JIM CONNER *v.* THE STATE.

1. JUDICIAL COGNIZANCE. — This court takes judicial notice of the times at which the courts convene in the several counties of the State.

2. THEFT — INDICTMENT. — The Penal Code of this State has dispensed with the word "feloniously" in prosecutions for theft, and has substituted the word "fraudulently;" wherefore an indictment for theft need not charge that the property was *feloniously* taken.

3. SAME. — The words "steal" or "carried away" are not used in the definition of the offence; and, therefore, no asportation of the property need be alleged.

4. EVIDENCE. — In a trial for theft of jewelry, committed in the night, and from the bed-chamber in which the owner was sleeping, a State's witness was

allowed, over objection, to testify that he smelled chloroform in the chamber immediately after the theft was committed. *Held*, that the evidence was properly admitted.

5. Same. — The proof disclosed that the stolen property was found in the defendant's possession very soon after the theft, and along with it a watch-chain which had, at a different time, been stolen from a different owner. The defence proposed to prove by the owner of the watch-chain that he believed it was not stolen by the defendant, with his reasons for so believing. *Held*, that this evidence was properly excluded for irrelevancy.

6. Charge of the Court. — The defendant asked the court to instruct the jury that "the possession of personal property recently stolen, without any reasonable account of its possession by defendant, is by no means an evidence of guilt, but may be used as a circumstance by the jury, in connection with other circumstances, to fix a conclusion of guilt." *Held*, properly refused; because, if not self-contradictory, it was likely to mislead the jury, and because, in view of all the evidence, it was not applicable to the case.

7. Election between Offences. — If the facts show a state of case punishable under more than one article of the Penal Code, the defence cannot complain that the State's counsel elected to indict under the article which inflicts the highest penalty.

Appeal from the District Court of Travis. Tried below before the Hon. E. B. Turner.

The indictment is set forth in the opinion of this court, and the evidence immediately pertinent to the rulings is also there disclosed.

The accused, as was fully shown by the evidence, disposed of the stolen watch and rings to a pawnbroker, within a day or two after the theft. After denying any knowledge of other articles of the stolen jewelry, they were found concealed in his room. The pawnbroker, having been previously requested to keep a lookout for the stolen articles, restored to the owner, promptly, those which he acquired from the defendant. The watch was one of them, and to it was attached a watch-chain which had, at some previous time, been stolen from R. C. Koerber, by whom the defence proposed to prove his disbelief that it was stolen by the defendant, and his reasons therefor.

The jury found the defendant guilty, and accorded him

seven years in the penitentiary.    His motion for a new trial being overruled, he appealed.

*C. T. Garland*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.    This is an appeal from a judgment of conviction for the theft of property over the value of $20.    The indictment was drawn under art. 745 of the Criminal Code.

Defendant filed a motion in the District Court to quash the indictment, for the following reasons, to wit:  " 1. It does not appear from the face of the indictment that the same was presented in a court having jurisdiction of the offence set forth, there being no such term known as that stated therein.    2. It does not appear from its face that any offence was committed by the defendant against the laws.    3. The indictment does not allege a felonious intent, nor does it allege an intent to steal and carry away the property described."

The indictment is as follows:  " In the name and by the authority of the State of Texas.    The grand jurors of Travis County, in said State, at the October term, A. D. 1878, of the District Court of said county, upon their oaths, present that Jim Conner, in said county and State, on the first day of May, in the year of our Lord one thousand eight hundred and seventy-eight, did then and there unlawfully and fraudulently take from the possession of Miss Ella Carter two certain gold rings, of the value of forty dollars each, and one pair of gold bracelets, of the value of eighty dollars, of the aggregate value of one hundred and sixty dollars, of the property of her, the said Carter, without the consent of her, the said Carter, with the intent on the part of him, the said Conner, then and there to deprive said owner of the value of said property, and to appropriate the same to the use of him, the said Conner, against the peace and dignity of the State."

It appears on the face of the indictment that it was presented in a court having jurisdiction of the offence charged. This court will take judicial notice of the time of the meeting of the District Courts in the several counties in the State. The term of the court appears from other portions of the record.

The indictment follows the article of the Code under which it was drawn, and charges all that it is necessary to prove to secure a conviction. The Criminal Code of this State, in prosecutions for theft, has dispensed with the use of the word " feloniously," and substituted the word " fraudulently." It was not necessary for the indictment to charge that the property was " feloniously " taken, or that the property was " stolen and carried away." Asportation need not be alleged or proved in order to sustain a conviction for theft. The words " steal " or " carry away " are not used in defining the offence of theft. *Austin* v. *The State*, 42 Texas, 345 ; *Calvin* v. *The State*, 25 Texas, 793.

Miss Ella Carter testified that, about the first day of May, 1878, there were stolen from her possession two gold rings and one gold bracelet, the same being her property ; that they were taken without her consent, from her aunt's (Miss Ella Rust's) house, and from a room adjoining the room where she and her aunt were sleeping ; they were taken in the nighttime, and in the County of Travis, and State of Texas ; that the person who took them entered the room through a window, after raising it, and next morning there was a smell of chloroform about the room ; and that there were taken, at the same time and place, one pair of ear-rings, one handkerchief with her name on it, and two cologne-bottles and one gold watch, the property of Miss Ella Rust.

Capt. Freeman, a State's witness, testified as follows : " Miss Ella Carter is my niece. On the night of April 24, 1878, my wife awoke me. I went to the window of the room in which my niece and Miss Rust slept ; had great

difficulty in awaking them.   I entered the room, and smelled chloroform."

The defendant objected to that portion of the testimony of Capt. Freeman in regard to the use of chloroform, as such testimony would only be relevant on a trial for burglary, as indicating the intent to commit a felony after entering a house, and would not be relevant on a trial for simple theft.   We believe the objection to the testimony was properly overruled.   The evidence was admissible as tending to show the intent with which the articles described in the indictment were taken.

The defendant offered to prove by the witness Koerber that he (Koerber) believed defendant did not steal his (Koerber's) gold chain, which was seen in the possession of defendant, attached to the gold watch of Miss Rust, referred to in Miss Carter's testimony, a few days after the watch was stolen, and also to prove by said witness the facts upon which he based such belief and suspicion.   This evidence was properly excluded as being irrelevant.   The statement of facts shows that the watch and the chain were stolen at different times.

The court fairly submitted the law of the case to the jury, and did not err in refusing to give the special instructions asked by the defendant.   After the court had charged the jury, the defendant asked this additional instruction, to wit:  " That the possession of personal property recently stolen, without any account of its possession by defendant, is by no means an evidence of guilt, but may be used as a circumstance by the jury, in connection with other circumstances, to fix a conclusion of guilt."   This charge is not clearly expressed; and, if not contradictory, would be liable to be misconstrued by the jury.   The court did not charge the jury as to the effect to be given by them to such possession, unexplained.   Besides, the statements made by the defendant in regard to the stolen property were contradictory.   He first said that he knew nothing of it, and his

statements in regard to it were shown to be false. The charge asked was not applicable to the facts in the case.

We deem it necessary to notice only one other question presented in the record. It is contended on the part of defendant's counsel that, if the evidence shows the defendant stole the property described in the indictment, and shows that the theft was committed after he had entered the house in such a manner as that the entry comes within the definition of burglary, the special offence of which the defendant was guilty was theft from a house after a burglarious entry, the punishment of which was less than that of theft of property of the value of $20.

The pleader could have joined in one indictment burglary and theft after a burglarious entry; and if this had been done in this case, the defendant, under the facts proved, could have been convicted of both offences; or the pleader could have indicted the defendant, as was done in this case, for simple theft. The election made by the county attorney, in framing the indictment under art. 745 of the Criminal Code, was a matter of which the defendant cannot justly complain.

The verdict of the jury is supported by the law and the evidence, and we find no error in the rulings of the court of which the defendant can complain. The judgment is therefore affirmed.

*Affirmed.*