RICHARD JOHNSON v. THE STATE.

No. 13739. Delivered November 26, 1930.
Reported in 32 S. W. (2d) 840.

The opinion states the case.

*Shivers & Baker* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, two years in the penitentiary.

A colored dance was in progress in the City of Port Arthur. Deceased, James Hadnot, was found by Officer Plummer a short distance from the dance hall mortally wounded. Soon thereafter appellant stated to Officer Plummer that he had stabbed deceased.

The State's case was made originally by proof of the statements given by appellant to Officer Plummer.

Appellant offered to prove by this same officer while on the stand as a witness for the State that he also at the same time and place in the same conversation detailed how the trouble started and how it occurred; it is unnecessary here to detail further than to state that it made a complete case of self-defense practically in the exact language testified to by appellant for himself on the trial. The Court rejected the part of the conversation which showed the killing was in self-defense but admitted that part of it for the State already detailed.

The appellant correctly contends that the Court was in error in rejecting that part of the conversation between the officer and appellant which showed the killing was in self-defense. Such testimony is made admissible by Art 728, C. C. P. (1925), which reads in part as follows:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. * * *"

The State having introduced part of this conversation, the appellant was entitled to the remainder of it relating to the same subject, as has been held in authorities so numerous that their collation here would occupy undue space. The question is not debatable. See Vernon's Tex. C. C. P., Art. 728, Note 2; Branch's P. C., Sec. 91; Shackelford v. State, 43 Tex. 138; Pharr v. State, 9 Tex. Crim. App. 134; Sager v. State, 11 Tex. Crim. App. 113; Gaither v. State, 21 Tex. Crim. App. 539. See also recent case of Sanderson v. State, 3 S. W. (2nd) 453, where the exact question is discussed and decided.

Other questions are either insufficiently presented or related to matters which are deemed to be without merit.

We observe, however, that the court failed to charge on threats. Defensive testimony was such as to clearly call for such a charge.

For the error discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.