## PETER SKARO v. THE STATE.

1. CONTINUANCE.—After a jury had been selected and sworn to try the case, the defendant's only counsel, who had just been retained, discovered that his application for continuance, which had been overruled, and which was defective only in failing to show that a proper affidavit for attachment had been made, and the writ issued, discovered that the writ had in fact issued upon proper showing, and thereupon made another application for continuance which was overruled: *Held*, that to have granted the application last made would have been a proper exercise of judicial discretion, and the refusal to grant it is cause for reversal when the materiality of the testimony of the absent witness appears, when considered in connection with the other evidence introduced on the trial.

2. CONTINUANCE—PRACTICE.—The sufficiency of an application for a continuance does not depend on the evidence of other witnesses. If it is proper at the time made, and sufficient cause shown for the continuance, it should be granted, without waiting the result of a trial on other evidence.

3. CONTINUANCE—ADMISSION.—An admission that a witness, on account of whose absence a continuance is asked, would swear, if present, as stated in the affidavit for continuance, will not defeat the application; it could only have that effect when the facts are admitted to be true.

APPEAL from Nueces. Tried below before the Hon. T. C. Barden.

Peter Skaro was indicted for an assault with intent to kill and murder one Aaron Bennett. The defendant was confined in jail from the date of arrest, and with no counsel, until the day before his trial. He had applied upon proper affidavit made before the clerk for an attachment for one Laparo, but through misapprehension of that fact stated in his application for continuance that he had made affidavit for an attachment before the sheriff. The materiality of the testimony expected from the absent witness was fully stated. The application was overruled. After the jury had been selected to try the cause, defendant's attorney discovered that the affidavit for attachment had been made before the clerk, and renewed his application, stating

that fact. This application was also refused. The absent witness was expected to prove an alibi, which was, in fact, sworn to by one witness (Parker) on the trial. Verdict, guilty, and punishment fixed at two years' confinement in the penitentiary.

*James S. McCampbell,* for appellant.

*N. G. Kitrell,* for the State.

REEVES, ASSOCIATE JUSTICE.—If the defendant had set out in his application for continuance the diligence which had been used, its sufficiency could not have been doubted. The judge held that the application came too late, after the jury had been selected and sworn to try the case.

The evidence of the absent witness appears to have been material to the defense, and when the attention of the court was called to the fact that an attachment had been issued, it would have been a proper exercise of discretion to have permitted him to make the correction, by stating the diligence which had been actually used, and stating the reason why it was omitted to be made in the application for continuance.

The application of defendant's attorney for an attachment for the witness, after the case was called for trial, seems to have been made under a misapprehension of the facts, and without knowing that the attachment had been issued and returned. He had only been employed the day before the trial commenced, and, as explained in his affidavit made after the cause had been tried, he did not find the attachment among the papers in the case. The defendant, who was confined in jail up to the time of the trial, appears to have made the proper affidavit for the attachment before the clerk, but stated in his application for the continuance that he had applied for the writ to the sheriff.

Our attention is called to the admission of the district attorney that the witness would swear, if present, to what

defendant swore he expected to prove by him. It does not clearly appear that the defendant waived objections to this evidence. If it was admissible without his consent, it could only be so by admitting that the statement was true, and not merely that the witness would swear to what the defendant expected he would prove.

In connection with the materiality of the testimony of the absent witness, we are referred to the evidence of the witnesses examined on the trial. The sufficiency of an application for a continuance does not depend on the evidence of other witnesses. If it was proper at the time made, and sufficient cause is shown for the continuance, it should be granted without waiting the result of a trial on other evidence. (McAlpin *v.* The State, decided at the last term.)

The defendant stated in his affidavit for continuance that he expected to prove by the witness, Laparo, that he and the witness were together in another part of the town at the time of the shooting, and that the shooting was not done by him, but by some other person. Bennett, the party assaulted, is not supported by the testimony of Shaw and Parker, in saying that the defendant was in the company of these parties when they went up the hill, and when they separated, a short time before the shooting took place. The witness, Shaw, says he was at Benson's saloon until it was closed, about 11 o'clock at night, and that the defendant left there a short time before he and Parker left, and that the defendant started along the street and turned the corner, which he says is in an opposite direction from Lott's house. Thus it will be seen that the testimony was conflicting to some extent, and the evidence of Laparo was important to the defendant as tending to support his defense.

As the case is presented, we think the continuance should have been granted. The judgment is therefore reversed and case remanded.

Reversed and remanded.