ST. LOUIS WIRE-MILL CO. v. LOUIS LINDHEIM & CO.

(No. 3325.)

APPEAL from Val Verde County. Opinion by WHITE, P. J.

JOSEPH JONES and J. G. GRINER, counsel for appellant.

C. C. CAMP and C. C. THOMAS, counsel for appellees.

§ **300.** *Fraudulent conveyance; evidence making an issue of, should be submitted to jury; charge directing verdict held to be erroneous.* The St. Louis Wire-Mill Company instituted suit by attachment against one Joseph Friedlander, and the attachment was levied upon one hundred and forty-five spools of barbed wire and six kegs of wire staples, as the property of said Friedlander. The property at the time it was levied on was in the possession of Louis Lindheim & Co., who filed a claimant's affidavit and bond, claiming that the property was theirs. Upon the first trial of the case, upon the issues joined under direction of the court, a verdict and judgment was rendered for appellant, and the court granted a new trial. On the second trial both parties filed amended tenders of issue, and the tender by the appellant specially alleged that Friedlander had purchased the property from the plaintiff, and that at the time he did so it was for the purpose of cheating and defrauding plaintiff out of the same; that Friedlander had conspired with defendant and others to transfer said property, and that said transfers, if made at all, were false and fictitious, without consideration, and made only with a fraudulent design of hindering, delaying, and defrauding defendant out of its debt. When the case came up for trial, and after all the evidence for the plaintiff and defendant had been adduced, the court charged the jury as follows: "Gentlemen, I have given the special instruction my careful attention, and believe the counsel for plaintiff has done as well as any one could do under the circumstances, but believe that a proper disposition of the case requires me to give the following charge, under which it becomes your duty simply to find a verdict for the defendants, to wit: 'The court instructs the jury that the plaintiff in this case having failed to show any fraud on the part of Barton, or any knowledge of any when he purchased the wire in controversy from Friedlander, that they also fail to show any fraud or knowledge of fraud on the part of Neuwirth when he

purchased the said wire from Barton. The jury are therefore instructed to find for the defendants.'" We are of opinion that the court erred in giving this instruction. We are further of opinion that the evidence tended to show, at least, such badges of fraud, and circumstances going to establish fraud, in the transfer of the property by Friedlander to the parties through whom they were transferred subsequently to appellees, that it was the duty of the court to submit the question of fraud or no fraud to the jury, under appropriate instructions, in order that they might find as a fact whether the transfers from Friedlander to appellees were void or not on account of fraud. Because the court erred in not submitting the question of fact in the case to be decided by the jury under the issue tendered, this judgment is reversed and the cause remanded.

March 12, 1892.　　　　　Reversed and remanded.