## W. W. Adams v. The State.

### No. 2308. Decided May 7, 1902.

**1.—Murder—Self-Defense—Charge.**

On a trial for murder, where the court in effect charged the jury that before they could acquit upon the ground of self-defense, they must believe that deceased, while passing defendant at night, recognized him and dismounting from his horse said, "Now I'll fix you;" and that defendant, from deceased's words and acts, reasonably apprehending danger to his life or serious bodily injury, shot and killed him. Held error. Defendant's right of self-defense would not depend upon his being recognized by deceased, but upon his own apprehension of danger, whether recognized by his assailant or not.

**2.—Same—Evidence—Undisclosed Motives of Deceased.**

On a trial for murder, evidence of the motives, peaceful nature and purposes of deceased as to where and for what purpose he was going at the time of the homicide, and which motives and purposes were unknown to defendant,

was inadmissible, as defendant could not be bound by the unknown motives and purposes of deceased, or the fact that he was en route upon an undisclosed peaceful mission.

### 3.—General Exceptions to Evidence—Practice.

As a general rule, a general demurrer or general exception to evidence admitted will not be sufficient if the testimony was admissible for any purpose; and usually, if not admissible for any purpose, the general exception or demurrer is sufficient.

Appeal from the District Court of Hopkins. Tried below before Hon. H. C. Connor.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of Fayette Wilson, on the 15th day or September, 1899, by shooting him with a pistol.

This is a second appeal in this case. See Adams v. State, 42 Texas Crim. Rep., 366, and an examination of that case, in connection with the opinion in this, will disclose the material facts attendant upon the homicide.

*Crosby & Dinsmore,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at three years confinement in the penitentiary.

Submitting the issue of self-defense, the court charged the jury as follows: "Now, if Fayette Wilson, on the night of the killing passed defendant and recognized him, and reined his horse in front of defendant, and saying to defendant, 'Now I'll fix you,' dismounting from his horse; and if from the acts of the said Fayette Wilson, if any, or from his words coupled with his acts, if any, there was created in the mind of defendant a reasonable apprehension that he, defendant, was in danger of losing his life, or of suffering serious bodily harm at the hands of the said Fayette Wilson, then defendant had the right to defend himself from such danger or apparent danger, as it reasonably appeared to him at the time, viewed from his standpoint. And the defendant in such case was not bound to retreat in order to avoid the necessity of killing the said Fayette Wilson." Exception was reserved this charge, because it made defendant's right of self-defense turn upon the recognition of himself by deceased at the time of the killing. We believe this exception is well taken. Appellant's right of self-defense would not depend upon being recognized by deceased. If he believed that his life was in danger, or that he was in danger of serious bodily injury at the hands of his assailant, his right of self-defense was perfect, whether or not he was recognized by the assailant. Appellant reserved an exception to the testimony of the witnesses Lindley, Vaughan and Richardson. The sub-

stance of this testimony was, that deceased was en route from Lindley's residence to visit his father, some miles away, at the time of the encounter; that the father was in ill health and aged; that deceased had no house of his own, but usually made his home with the witness Lindley, a brother-in-law; and that his custom was to visit his father at intervals, ranging from a few days to two weeks; and that on the night of the killing he was en route from Lindley's residence to visit his father; that the father had no home of his own, but lived around with his children, and at the time was at Dave Vaughan's, his son-in-law; that deceased frequently visited his father, sometimes at night and sometimes in the daytime, etc. Qualifying this bill, the court said, the theory of the State was that deceased was on his way to visit his father at the time he was killed, and that this testimony was admitted upon the theory, and as a circumstance, and for the purpose of showing that deceased was in fact on his way to visit his father at the time of the homicide. The objection urged in the bill was that this testimony was immaterial and irrelevant, and prejudicial to defendant's rights. Qualifying the bill further, the court says the only objection urged was that it was immaterial. Perhaps, without the qualification, the ground of objection stated might have been insufficient, because too general; but with the purpose of introducing the testimony stated by the court, the ground of objection, we believe, is sufficient, because it was wholly immaterial how peaceful the mission of deceased was, so far as appellant was concerned. In Johnson's case, 22 Texas Crim. App., 224, it was said: "It is a maxim of the law that a man is only bound so far as matters reasonably appear to him. He can not be bound by motives locked up and hidden in the breast of others. Deceased's undisclosed and undiscovered motive in going to Caddo Mills was not a material issue, and could throw no light whatever upon the guilt or innocence of the defendant, whose motives alone were the important issue to be tried." The very gist of this language is, that the undisclosed and undiscovered motive of the deceased is not a *material issue* and could throw no light upon the guilt or innocence of the accused. The motive of the accused, and not that of the deceased, is the important issue. So, the very ground of objection urged by appellant is the very gist of the decision on this point in Johnson's case, supra. The court by the qualification gives point, pith, and pertinency to the only objection which he says was urged by appellant. As a general rule, a general demurrer or general exception to evidence introduced will not be sufficient, if the testimony was admissible for any purpose; and usually, if not admissible for any purpose, the general exception or general demurrer is sufficient. By the court's statement that this evidence was introduced only for the purpose of showing the peaceful mission, that is, the visit of deceased to his father, it shows the only purpose for which this testimony was sought, and the objection urged; that is, that it is immaterial, makes this in the nature of a special exception to this particular kind of testimony, for the purpose for which it was introduced. The ground of ob-

jection in the bill, as the same is qualified by the judge, we think is sufficiently pertinent to show why the objection was urged. The testimony was not admissible. Brumley's case, 21 Texas Crim. App., 222; Ball's case, 29 Texas Crim. App., 107; Fuller's case, 30 Texas Crim. App., 559; Wooley v. State, 3 Texas Ct. Rep., 236, 64 S. W. Rep., 1054; Adam v. State, 3 Texas Ct. Rep., 314, 64 S. W. Rep., 1055.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*