## C. H. Roberts v. The State.

### No. 1508.   Decided January 24, 1912.

**1.—Slander of Female—Continuance—Diligence.**

Where the first case in which the absent witness appeared was dismissed, the defendant was entitled to all the legal rights in the second case as in the first, and the diligence he used would apply only to the second case, and the continuance should have been granted.

**2.—Same—Admitting Truth of Absent Testimony.**

Where, upon trial of slandering a female, the court overruled defendant's application for continuance on the ground that the State conceded the absent testimony to be true, but the State, during the trial, sought to contradict such testimony, there was reversible error.

**3.—Same—Charge of Court—Wantonly, Wilfully.**

Upon trial of slander of a female, the court should define when requested

the terms wantonly and wilfully. Following Rainwater v. State, 46 Texas Crim. Rep., 496.

Appeal from the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of slander of a female; penalty, a fine of $500 and twelve months confinement in the county jail.

The opinion states the case.

*Morrow & Morrow* and *A. P. McKinnon,* for appellant.—On the question of the court's refusal of a continuance: Hyde v. State, 16 Texas, 446; De Warren v. State, 29 id., 465; Skaro v. State, 43 id., 88; Francis v. State, 55 S. W. Rep., 488; 9 Cyc., 185.

On question of court's failure to define the words, wantonly and wilfully: Rainwater v. State, 46 Texas Crim. Rep., 496.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of slander, his punishment being assessed at a fine of $500 and twelve months imprisonment in the county jail.

1. The slanderous imputation is charged to be in the following language: "If Miller did not get it, it was his own fault; it was there for him; all he had to do was to put his hands on it." This is charged to have been a reference to one Miss Doodle Bacon. The matter arose out of about the following state of facts: Miller was the railroad agent and boarded at Mrs. Bacon's, the mother of the alleged slandered girl. This language was used in connection with a visit of Miss Doodle Bacon with Miller to the depot at night, the State contending that Miller did not go to the depot to open up the ticket window until about 8 o'clock, or at least a few minutes before the arrival of the train, and that Miss Bacon accompanied him, and that there was nothing wrong in the visit, and that the time was not sufficient between their arrival at the ticket office and the arrival of the train and the people who went to the depot, for anything wrong to have occurred between them. Appellant's contention was that Miss Bacon and Miller were there from 6:30 o'clock in the evening until the train arrived at something after 8 o'clock, in the ticket office, and there was no light in the depot during the time that they were there. The imputation grew out of the fact that Miss Bacon and Miller were in the ticket office from 6:30 o'clock until a short time before the arrival of the train something after 8 o'clock, and that nobody else was at the depot during that time except Miller and Miss Bacon. Prior to the trial in which this conviction occurred, there had been an indictment found against appellant for the same matter, but that had been dismissed a few days before this trial, and the case was prosecuted by complaint and information. The indictment was dismissed about May 1, and a complaint and information immediately filed. When the case was called for trial appellant filed an

application for continuance on account of the absence of Miss Bell Simpson. We do not care to discuss the formal allegations of the continuance. We think the diligence was sufficient and the testimony was certainly of a most material character. Miss Simpson it seems had been in attendance upon the court as a witness when the case was pending under indictment. When the indictment was dismissed she went away, and as soon as the arrest occurred under the complaint and information process was issued for her but it was not served. The case went to trial on the 5th of May. To meet the State's case it was proposed to prove by Miss Simpson that she was aware of the fact and would testify that Miss Doodle Bacon went to the depot about 6:30 o'clock and did not leave there until after 8:15. It is unnecessary to go into the details of her testimony further than to say that it covered the time from 6:30 until 8:15 o'clock, and she would have testified that Miss Bacon went there at 6:30 and did not leave during that time until 8:15 o'clock. When the indictment was quashed or dismissed and the new proceedings were instituted, it was a new case, and appellant was entitled to all the legal rights accruing to him as if the indictment had never been preferred and dismissed. Whitesides v. State, 44 Texas Crim. Rep., 410; McFaddin v. State, 44 Texas Crim. Rep., 470. Therefore, the diligence would only apply to the new proceedings. This seems to have been rather conceded by the State, for when the application was filed the county attorney, to defeat the application, admitted in open court that the testimony of Miss Bell Simpson as set out in the application was true. Appellant insisted upon a continuance, but the court overruled it on the admission of the truth of the absent testimony by the county attorney. It has been held in this State in quite a number of cases that where continuance is sought and the absent testimony is conceded to be true, that this will avoid the continuance, and the court would not be in error in overruling it. McGrew v. State, 31 Texas Crim. Rep., 336; Phipps v. State, 36 Texas Crim. Rep., 216; Jackson v. State, 48 Texas Crim. Rep., 648; Francis v. State, 55 S. W. Rep., 488; Gardner v. State, 59 S. W. Rep., 1114, 61 Texas Crim. Rep., 527; Wheeler v. State, 136 S. W. Rep., 68. It is also a well established rule that in order to defeat the application for a continuance the prosecution must admit the truth of the absent evidence. It is not sufficient that it be admitted that the absent witness would testify or swear as stated in the application. Skaro v. State, 43 Texas, 88; Hachett v. State, 13 Texas Crim. App., 406; Purvis v. State, 52 Texas Crim. Rep., 316. The application was sufficient on its face. Phillips v. State, 50 Texas Crim. Rep., 127; Hardin v. State, 52 Texas Crim. Rep., 238; Simmons v. State, 126 S. W. Rep., 1157; Casey v. State, 51 Texas Crim. Rep., 433. But so far as this case is concerned, it might be conceded that the diligence was not technically strict, and yet the court would be in error in refusing to grant the continuance or in error in admitting evidence to contradict the admitted truth of the testimony of the absent witness. This was the first application, and the diligence

under the authorities is not so strict in the first as in subsequent applications, but whether the diligence was sufficient or not, where the prosecution admits the testimony of the absent witness to be true in order to defeat the application, that testimony will be held to be true and the State is bound by it, and any supposed want of diligence will be cured by the admission. If the diligence was not sufficient, the court should overrule it upon that ground and not upon the ground that the absent testimony was admitted to be true. This was an admission in order to defeat the application and the party forced to trial by the action of the court upon the admission of the truthfulness of the absent testimony, and under these circumstances the prosecution will not be permitted to controvert in any way the facts set out in the application admitted to be true. The court should not permit this character of practice, yet in the face of this admission by the prosecution the county attorney was permitted to introduce witnesses to controvert and contradict the testimony which he had admitted to be true, to the effect that the girl did not go there at 6:30 and remain until 8:15 o'clock as Miss Simpson would have testified. The judgment must be reversed for this reason.

2. Appellant asked a special charge defining "wantonly" and "wilfully" as mentioned in the statute. These terms were not defined by the court in its charge. Exception was properly reserved to the court's charge and the failure to give the requested instructions. We call attention to this so that upon another trial a proper charge on this subject can be given. Rainwater v. State, 46 Texas Crim. Rep., 496, was reversed by this court for failure of the court to give almost, if not literally, the identical charge here asked and refused.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*