## Firm Davis v. The State.

### No. 1400.  Decided February 28, 1912.

**1.—Theft of Hog—Charge of Court.**

Where the indictment contained two counts, one alleging the owner and the other the owner was unknown, there was no error in the court's charge submitting the count as to the unknown owner, although the testimony of the grand jurors that the owner was unknown should be stronger.

**2.—Same—Continuance—Materiality of Testimony.**

Where, upon trial of theft of a hog, the defendant showed on his application for continuance, that the absent witness was sick and unable to attend court, and supported this by the certificate of a reputable physician and it was shown that her testimony was material and probably true, the application should have been granted.

Appeal from the District Court of Houston.  Tried below before the Hon. B. H. Gardner.

Appeal from conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Moore & Sallas,* for appellant.—On question of court's refusal to grant continuance: Francis v. State, 55 S. W. Rep., 488; Exon v. State, 26 S. W. Rep., 1088.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant and his brother-in-law, Ed Lockhart, were jointly indicted, tried and convicted for hog theft, and their penalty fixed at two years in the penitentiary. Appellant alone has appealed. There were two counts in the indictment, one charging that the hog belonged to L. H. Hawthorne, the other that the owner was unknown.

There are some complaints of the court's charge. We regard them more hypercritical than otherwise. It is unnecessary to discuss them in the disposition we will make of the case.

But, as appellant complains of the charge of the court in submitting to the jury the second count of the indictment, that is, charging that the owner of the stolen animal was unknown, we will say as to that question that in our opinion from this record it was not improper for the court to submit that question to the jury. However, in another trial, we suggest that it would not be inappropriate for the State to make other proof, if it can, by the grand jurors, or otherwise, to strengthen, if need be, the proof of the allegation that the owner was unknown.

There are some six bills of exceptions in the record claiming that the court erred in not granting appellant a continuance. They show that a controversy arose between the appellant's attorneys and the court as

to the full facts relative thereto and appellant's complaint of the quali-
fication of the bills prepared by him on that subject.  They show, in
effect, that the court refused all four of appellant's bills on that subject
and prepared, himself, two in lieu thereof.  It is unnecessary to give
any or all of these matters in full.  The substance of the matter is, as
shown by the whole of them and the qualifications thereof by the judge,
that the case was set for trial on April 10, 1911; that prior to that
time appellant had procured a proper subpoena for his mother-in-law,
Sarah Lockhart, which had been duly executed in time and that in
obedience thereto she appeared and attended the court as a witness on
the 10th and 11th days of April, 1911, at which time the case was first
set for trial; that for some reason, not made clear, the case was not
then tried but was reset for April 18, and called for trial and tried on
April 19, 1911; that the said witness was an old woman and was taken
sick when she attended the court as a witness on April 10th or 11th;
that when the case was called for trial on the 19th, she was then too
sick to attend the trial.  This was shown, not only by the affidavit of
the appellant, but by a certificate of a reputable doctor to that effect.
The State contested the application for continuance.  The court heard
evidence thereon and concluded, as shown by his qualifications of the
bills and those prepared by him, that because she was an old woman
and sick that the probabilities were she would never recover sufficiently
to attend the trial at any other term, and that the State offered to per-
mit the appellant to show that if she was present she would testify to
what was stated she would in the application for continuance.  The
appellant declined to accept this, but stated at the time that if the
State would admit the truth of her testimony they would go to trial.
The State, of course, refused this because it would have been a com-
plete defense for appellant.  The court further held that the appellant
had used no diligence after the witness became sick to take her deposi-
tions.

One of appellant's defenses, if not his sole defense, was that the hog
that was killed, alleged to have been stolen, was the property of this
absent sick witness.  Some of his witnesses so testified and the court,
as was necessary under the proof, correctly charged the jury that if the
hog alleged to have been stolen was the property of this witness, to
acquit appellant.  The application shows that this witness, if present,
would have testified among other things, this:  "That on the day the
hog was killed, the said witness empowered, instructed and requested
these defendants to go into the woods and kill one of her hogs; that on
the day in question the defendants did kill and took to the house of Ed
Lockhart, late one evening, one hog; that she saw the hog after it was
killed and knows the same to have been one of her own hogs in her own
mark and one that she had that day authorized the defendants to kill
for her."  This evidence, of course, was very material for appellant.  It
may be, in the state of the proof, that the jury would not have believed
her, as there was much testimony tending to show that this was not

true. However, it was not for that court nor this, under the circumstances, to take that question from the jury. They are made the judges of this and the credibility of the witnesses. It is, in many instances, held by this court that if all of the evidence taken together shows that the testimony of the absent witness was probably untrue, and where that is the case, that no reversible error is committed in overruling a motion for continuance. The lower court did·not state this as a reason, either in overruling the motion for a continuance or in motion for new trial based thereon that this was a fact, even if the evidence had justified it. We have carefully gone over the whole matter and the statement of facts and have reached the conclusion that the court committed reversible error in not continuing the case on account of the absence of this witness, or rather in not granting a new trial on that ground.

The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*