### I. W. Medford v. The State.

No. 5846.   Decided March 16, 1921.

**1.—Murder—Continuance—Diligence—Absent Testimony, Agreement to.**

Where, defendant's first application for continuance shows proper diligence and that the absent testimony is material, the continuance should have been granted, although the State's counsel offered to permit the use of the absent testimony, but declined to admit that the same was true, and the same constituted reversible error. Following Hyde v. State, 16 Texas, 458, and other cases.

**2.—Same—Cross-examination—Continuance—Waiver.**

Where upon cross-examination of defendant the latter replied that his wife testified upon a former trial and for the absence of whose testimony the defendant asked for a continuance, counsel for the State stated that he was willing for the entire statement of facts with reference to said witness to be admitted in evidence, to all of which defendant's counsel objected and which was overruled by the court, this did not waive defendant's right to his continuance, although he then introduced said testimony of said absent witnesses. Following Davis v. State, 52 Texas Crim. Rep., 333, and other cases.

**3.—Same—Conduct of State's Counsel—Practice in Trial Court.**

The State's counsel having without qualification declared that the defendant might use the absent testimony, and indicated by the sanction of the court that his failure to do so might be used against him in argument, appellant's rights were not prejudiced by using the testimony thus made available and thereby endeavoring to minimize or obviate the erroneous adverse ruling of the court. Following McMillan v. State, 65 Texas Crim. Rep., 319, and other cases.

**4.—Same—Evidence—Prior Difficulty.**

Where, upon trial of murder there arose a well defined and controverted issue concerning as to who was the aggressor in the beginning of the fight in which the deceased lost his life, there was no error in admitting evidence, words, and conduct of each of the parties during a former difficulty between them some two years prior to the homicide. Following Pratt v. State, 53 Texas Crim. Rep., 282, and other cases.

**5.—Same—Carrying Distance of Shotgun—Deadly Weapon—Self-defense.**

The distance that the shotgun used in the difficulty would kill or seriously injure one, may under the same circumstances become the proper subject of inquiry, to show whether the same in the hands of deceased was a deadly weapon. Following Yzaguirre v. State, 48 Texas Crim. Rep., 515, and other cases, but this could not be used to deprive defendant of the privilege of a proper charge on self-defense.

**6.—Same—Undisclosed Motive—Evidence.**

Testimony that the deceased purchased a shotgun for his son, which was used at the time of the homicide, while not reversible error in the in-

1

stant case, should not have been admitted in evidence, it being a matter unknown to the defendant. Following Cook v. State, 71 Texas Crim. Rep., 532, and other cases.

7.—Same—Charge of Court—Deadly Weapon—Presumption—Continuing Danger.

    Where, upon trial of murder there was evidence that the deceased had threatened to kill the defendant and fired at him once and was in the act of firing again when he was shot, an appropriate charge upon the presumption arising from the use of a deadly weapon should have been given. Following Smith v. State, 57 Texas Crim. Rep., 455. The court should also have instructed the jury, under the facts, in reference to accused's right to continue to shoot so long as the danger continued, viewed from his standpoint. Following Clark v. State, 56 Texas Crim. Rep., 295.

Appeal from the District Court of Coryell. Tried below before the Honorable J. H. Arnold.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*McClellan & McClellan,* and *A. R. Eidson,* and *Mears & Watkins,* for appellant.—On question of undisclosed motive: Pratt v. State, 53 Texas Crim. Rep., 281, and cases cited in opinion.

    On question of standpoint of defendant: Bode v. State, 6 Texas Crim. App., 424.

    On question of firing distance of shotgun: Everett v. State, 18 S. W. Rep., 675; Roberts v. State, 88 id., 221.

    On question of deadly weapon: Scott v. State, 46 Texas Crim. Rep., 317.

    On question of continuing danger: Lagrone v. State, 209 S. W. Rep., 411.

*Alvin M. Owsley,* Assistant Attorney General, and *H. E. Bell,* for the State.—On question of previous difficulty: Howard v. State, 30 Texas Crim. App., 686, and cases cited in opinion.

MORROW, PRESIDING JUDGE.—Judgment is for murder; punishment fixed at confinement in the penitentiary for ten years.

    R. J. Pieper was shot and killed by appellant. The facts are stated in the report of the former appeal. Medford v. State, 86 Texas Crim. Rep., 237, 216 S. W. Rep., 175.

    Shots were exchanged between the deceased and the appellant, the former using a shotgun and the latter a rifle. The occurrence took place in the presence of the members of the family of the parties respectively. The version given by the State's witnesses materially differs from that of the appellant testifying in his own behalf. On two previous trials, resulting more favorably to the appellant than the present one, his wife and son testified.

A continuance was sought because of the absence of these two witnesses. The sufficiency of the application, as to diligence and materiality, is not open to question. It was the first application the issues were sharply drawn. There is no question but what the appellant's wife and son were eyewitnesses, and no ground developed upon which the court would have been authorized, as a matter of law, to treat the truth of their testimony as improbable. To avoid the continuance the State's counsel offered to permit the use of the report of the testimony of the witnesses upon the former trial which was the same as that set out in the application. The State's counsel did not offer to admit the truth of the testimony but declined to do so. The appellant refused to waive his continuance and the court overruled his motion.

An application for a continuance because of the absence of witnesses, which complies with the statute and shows such reason for continuance or postponement as the trial court would be bound to grant cannot be defeated by an admission upon the part of the State that the absent witnesses named in the application would, if present, give the testimony set out in the application. To have the effect desired, it would be necessary that the admission embrace not only the fact that the witness would give the testimony but that the facts were true. This is the practice in other jurisdictions. Ruling Case Law, Vol. 6, page 569; Amer. & Eng. Ann. Cases, 1913-C, page 484 and note. The rule received the sanction of the Supreme Court of this State in the early case of Hyde v. State, 16 Texas 458, and has been observed so far as we are aware, without departure, by that court and this one. Skaro v. State, 43 Texas Reports, 88; Hackett v. State, 13 Texas Crim. App., 412; Francis v. State, 55 S. W. Rep., 489; Purvis v. State, 52 Texas Crim. Rep., 316; Davis v. State, 65 Texas Crim. Rep., 429, 144 S. W. Rep., 939; Roberts v. State, 65 Texas Crim. Rep., 62, 143 S. W. Rep., 611; Davis v. State, 68 Texas Crim. Rep., 400, 152 S. W. Rep., 1097; Branch's Ann. Penal Code, Sec. 325.

In cross-examination of the appellant, the State's counsel asked some leading questions assuming that certain evidence given by the State correctly related the facts. In reply the appellant denied the truth and stated: "My wife testified she didn't and my son testified he didn't." The counsel for the State retorted: "We object to what he testified about what his wife and son testified. Their testimony on a former trial is in the Statement of Facts and we are willing that it all be read to the jury."

The appellant's counsel stated: "His inference is plain before the jury that we have some fear of that testimony. The court knows our witnesses. We object to his insinuating what would be contrary to truth."

The court asked the State's counsel if he intended to offer to permit the use of the written testimony before the jury and received an affirmative reply, and informed the counsel for the appellant, in the ab-

sence of the jury that in the event he failed to read the testimony he would permit comment upon such failure in argument. Appellant, protesting the ruling and asserting his continued reliance upon his motion for continuance, introduced the written testimony of the absent witnesses. His conduct in so doing is relied upon the State as a waiver of his motion for a continuance, to which he would otherwise have been entitled.

We are of the opinion that the sanction of this view would nullify the rule to which we have referred. The Constitution provides that one accused of crime "shall be confronted with the witnesses against him" and "shall have compulsory process for witnesses in his favor." Availing himself to these rights he brought himself in the present instance within the requirements of the law which required the court to defer the trial looking to securing the witnesses. The law pointed out the character of the admission that the State must make to deprive the appellant of the right to further time to secure testimony in his favor, namely: the admission of the truth of the absent testimony binding to a degree that it might not be controverted. Davis v. State, 52 Texas Crim. Rep., 333; Roberts v. State, 65 Texas Crim. Rep., 62, 143 S. W. Rep., 614.

The State's counsel, having without qualification, declared that the appellant might use the absent testimony, and indicated with the sanction of the court that his failure to do so might be used against him in argument, appellant's rights were not prejudiced by using the testimony thus made available and thereby endeavoring to minimize or obviate the erroneous adverse ruling of the court. It has been often said that comment upon the failure of the accused to use testimony available to him but not to the State was permissible. Mercer v. State, 17 Texas Crim. App., 466; Branch's Ann. Tex. Penal Code, Sec. 373 and cases listed. Whether the appellant was obliged to use the absent testimony under the circumstances or not, it does not follow that by making use of the testimony he abandoned his right to a continuance of the case. An analogous case is Adams v. State, 19 Texas Crim. App. page 1, wherein it is held that the right to continue was not waived by the refusal of the accused to accompany the jury to the home of the absent witness that her testimony might be given. A question similar to that in hand was before the court in the case of McMillan v. State, 65 Texas Crim. Rep., 319, 143 S. W. Rep., 1174. On that occasion the State offered in evidence the stenographic report of the testimony of a witness. It was excluded upon the appellant's objection and comment made upon it in argument. Presiding Judge Davidson disposed of the matter in the following language:

"This should not have occurred, and upon another trial this should be avoided. The court had overruled the application for a continuance for Mr. Brown, and appellant assigns that as error and reserved a bill of exceptions. The State had no right to offer the stenographic report of the testimony of the absent witness either to defeat the application

or for any other purpose before the jury or the court, unless he had first admitted that the facts stated in the application were true."

The State introduced the testimony of a difficuly between the deceased and appellant some two years prior to the homicide. In this episode there were blows passed, threats made, and, according to some of the testimony, a knife drawn by the appellant; and it was claimed the appellant was prevented from shooting on that occasion by the efforts of his wife. The ill-feeling engendered seems to have continued and been mutual.

Observing their boys fighting, on the occasion of the homicide, both the appellant and deceased went to their respective homes and armed themselves and engaged in threats and denunciations, as well as exchange of shots. Appellant claims that some of the State's witnesses testified that the deceased fired first, though it is apparent that the firing took place almost at the same moment. Appellant claims that some of the shots from the gun of the deceased struck him and that he changed his position prior to the second shot; that the deceased also changed his position, reloaded his gun and was in the act of firing when the fatal shot was fired.

There being a well-defined and controverted issue concerning who was the aggressor in the beginning of the fight in which the deceased lost his life, we think the rule excluding the details of previous transactions was not transgressed in the instant case. The evidence introduced went to show the words and conduct of each of the parties on the former occasion and its bearing upon the state of mind of both the appellant and deceased was such as to render the proof available. The words and acts of each of the participants in the former encounter were known to them at the time they engaged in the conflict which resulted in the death of the deceased and were such as to aid the jury in solving the controverted issue as to which was in the wrong. Under such conditions we do not understand the law to require that such testimony be rejected. Pratt v. State, 53 Texas Crim. Rep., 282; Morrison v. State, 37 Texas Crim. Rep., 601; Waters v. State, 54 Texas Crim. Rep., 327; Carr v. State, 41 Texas Crim. Rep., 381.

The distance that the shotgun would kill or seriously injure one may, under the same circumstances, become the proper subject of inquiry. Yzaguirre v. State, 48 Texas Crim. Rep., 515; Lawyers' Reports Ann., Vol. 21, New Series, Note p. 500).

If upon another trial the sheriff or other witness is called upon to give his opinion touching the range of the shotgun in the possession of the deceased, it should, upon request, be limited. If admissible, it was upon the issue of the character of the weapon as used, whether deadly or otherwise. (Yzaguirre v. State, 48 Texas Crim. Rep., 515), and to rebut the testimony of the appellant that some of the shots struck him. It should not be used to deprive the appellant of the privilege of having the jury solve the question of self-defense by consideration of the matters as they reasonably appeared to him at the time. Carr v. State,

41 Texas Crim. Rep., 385; Roberts v. State, 48 Texas Crim. Rep., 378, 88 S. W. Rep., 221; Everett v. State, 30 Texas Crim. App., 682, 18 S. W. Rep., 675; Bode v. State, 6 Texas Crim. App. 427.

We would not regard the proof that is made by Monroe Pieper, son of the deceased, that his father had purchased the shotgun which he was using at the time of the homicide for his son Richard, as under the facts in the case of such importance to require a reversal of the judgment. It being a matter unknown to the appellant, it could, upon well-defined principles, not be used to impair his rights of self-defense. Upon another trial it should be excluded. Woodward v. State, 51 S. W. Rep., 1122; Adams v. State, 44 Texas Crim. Rep., 64, 68 S. W. Rep., 271; Cook v. State, 71 Texas Crim. Rep., 532, 160 S. W. Rep., 467; Branch's Crim. Laws of Texas, Sections 477-478.

While criticised in many particulars, we deemed the charge of the court in connection with the special charges given at the request of the appellant an accurate presentation of the law applicable to the evidence except in two particulars. There being evidence that the deceased had threatened to kill the appellant and fired at him once and was in the act of firing again when he was shot, an appropriate instruction upon the presumption arising from the use of deadly weapon should have been given. Smith v. State, 57 Texas Crim. Rep., 455. In this connection, we would say that the State would have a right to have the jury determine whether, as viewed from the appellant's standpoint, the gun in use by the deceased was a deadly weapon. There was evidence that during the encounter both the appellant and deceased changed their positions, the State contending that between the first and second shots fired by the appellant the movement by the deceased had the effect to increase the distance between the parties. We believe the circumstances were such as made it incumbent upon the court, responding to appellant's request, to instruct the jury upon the phase of the law of self-defense, which accords the accused the right to continue to shoot so long as, viewed from his standpoint, the danger continues. Clark v. State, 56 Texas Crim. Rep. 295; Branch's Texas Crim. Law, Sec. 452.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*