### W. O. CALDWELL V. THE STATE.

No. 10297.   Delivered December 15, 1926.

Rehearing withdrawn January 5, 1927.

1.—Possessing Intoxicating Liquor — Requested Charges — Refusal Of— Must Be Exception.

Where special charges are requested and refused, the refusal of same must be excepted to, at the time, and the court's refusal must be shown, either by notation upon the refused charges or by a bill of exception, in the absence of which nothing is presented for review on appeal.

2.—Same—Charge of Court—On Possession—Held Correct.

Where, on a trial for possession of intoxicating liquor for the purpose of sale, the court charged the jury, "Our statute provides that possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have a right to introduce evidence showing the legality of such possession," said charge was a correct presentation of the law, and appellant's objection thereto is without merit. Following Walden v. State, 272 S. W. 139.

ON REHEARING.

3.—Same—Motion Withdrawn.

Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of his motion, and the application is granted.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for the possession of intoxicating liquor, penalty eighteen months in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Bowie County for the offense of possessing intoxicating

liquor for the purpose of sale and his punishment fixed at confinement in the penitentiary for a period of eighteen months.

The appellant was arrested in an alley in the city of Texarkana with a five-gallon keg of whiskey under each arm. The record discloses that the kegs were *almost full of whiskey*.

Appellant complains of the court's refusal to give two special charges. The record fails to reveal any exception to the court's refusal, either by bill of exceptions or any notation upon the refused charges that any exception was reserved. However, the trial court fully presented the matters complained of in said special charges in his main charge to the jury.

Appellant in his only bill of exceptions complains at the court's giving the following charge:

"Our statute provides that possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have a right to introduce evidence showing the legality of such possession."

This question was decided adversely to appellant's contention in the case of Walden v. State, 272 S. W. 139.

There being no errors pointed out in the record, and the facts being amply sufficient to support the verdict of the jury, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BETHEA, JUDGE.—Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of said motion. The application is granted, and it is ordered that mandate issue upon the original hearing in which the judgment of the trial court is affirmed.

*Motion withdrawn.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.