### THURMAN CROSBY V. THE STATE.

No. 10980.  Delivered October 5, 1927.

Rehearing denied November 2, 1927.

1.—Transporting Intoxicating Liquor—Continuance—Properly Refused.

Where appellant complains of the refusal of the court to grant him a continuance on account of the absence of two witnesses, and the court qualifies his bill with the statement that both of said witnesses appeared

during the trial, and were tendered to appellant, no error is shown in the refusal of the continuance.

### 2.—Same—Continuance—Supplemental Motion—How Considered.

Where an application for a continuance is presented, and appellant files a supplemental application, such supplemental application is regarded as a subsequent application, and its elements are determined by Art. 544, C. C. P., which states the requisites of such an application. Measured by this rule the supplemental application herein did not show such diligence to secure the attendance of the absent witnesses as is required, and was properly overruled. See Ferguson v. State, 101 Tex. Crim. Rep. 670, and other cases cited.

#### ON REHEARING.

### 3.—Same—Continuance—Properly Refused.

Where appellant filed a supplemental motion for a continuance after the filing of his original motion, and in such supplemental motion fails to show that diligence to secure the attendance of the absent witnesses, as is required by law, the refusal of the continuance was not error.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Hale, Scott, Casey & Hale* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for a period of one year.

By circumstances and by direct testimony it was shown by three state's witnesses that the appellant and one Allison committed the offense charged. Appellant introduced no testimony save that tending to show his good reputation.

There are two bills of exceptions. In bill No. 1 complaint is made of the refusal of the court to grant the appellant's application for a continuance which was based upon the absence of the witnesses Albert Wilson and Bob Couch. It is the theory of the state that while traveling from his home in the direction of a place called St. Mark's Chapel, a container of whiskey was placed in the automobile of the appellant and transported therein. According to the motion, Bob Couch, if present, would have given testimony to the effect that he was with the appellant upon the occasion mentioned and that the appellant had

no whiskey.  One of the state's witnesses testified to circumstances showing that the appellant sold some whiskey while upon the journey mentioned above, and, according to the motion, Couch would have controverted that testimony.  The motion does not disclose what testimony was expected from the witness Wilson.  In qualifying the bill the court states that both of the witnesses named appeared during the trial and were tendered to the appellant.  In view of the qualification the bill shows no error.

It is shown by bill of exceptions No. 2 that the appellant filed what is denominated a "supplemental application for a continuance."  Such an application is regarded as a subsequent application and its elements are determined by Art. 544, C. C. P., which states the requisites of such an application.  See Ferguson v. State, 101 Tex. Crim. Rep. 670; Jeffers v. State, 104 Tex. Crim. Rep. 199; Beckwith v. State, 104 Tex. Crim. Rep. 467.  In this subsequent application for a continuance, appellant states that he desired to correct his first application in the particular that Bob Couch was not the person who made the trip to St. Mark's Chapel and gave the testimony set out in the original application, but that it was Homer Couch who would give such testimony.  He adds that Dreeben Crosby would also give like testimony.  Subpoena for the witnesses Homer Couch and Dreeben Crosby was issued on the 29th day of January, 1927, and in the same subpoena were the names of other witnesses.  The return on the subpoena reads as follows:

"Came to hand on the 27th day of Jan. A. D., 1927, at 9 o'clock a. m., and executed by reading the within subpoena in the presence and hearing of the following within named witnesses, all of whom were summoned in Harrison County, on the dates and at the places hereinafter set forth, as follows:

                                         (Course
   (Name)_____(Date)_____(Where)_____miles)_____,
from_____miles."

On its face the return fails to show service upon the witnesses named in the supplemental application.  It is stated in the bill, however, that the names of Dreeben Crosby and Homer Couch were checked with a pencil mark, but that the other witnesses were not.  In qualifying the bill the court said that he called the sheriff, who testified that the witnesses Homer Couch and Dreeben Crosby were not subpoenaed.  The indictment was returned on September 11, 1926.  The trial took place on February 2, 1927.  The subpoena relied upon was not issued until January 29, 1927.  However, in his supplemental motion appel-

lant states that the subpoena for the witnesses named was issued on the 17th of September, 1926, and another was issued on September 20, 1926; that one was sent to Harrison County and the other to Dallas County; and that the witnesses were reported not found on each of them. In the supplemental motion the appellant is not able to say whether the witnesses named are to be found in Harrison County. We are therefore constrained to conclude that the diligence to secure the witnesses does not fill the measure of the law; nor does the probability of securing the attendance of the witnesses by postponement or continuance appear. Neither does the probable truth of the alleged testimony of the absent witness so appear as to warrant this court in concluding that in overruling the application the learned trial judge abused the discretion which was vested in him by law.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the court misapprehended the record, which led to an erroneous holding that the supplemental application for continuance would be treated as a subsequent application. In so far as the witness Homer Couch is concerned we think appellant is right. The first application was based upon the absence of the witnesses Wilson and *Bob* Couch. The record does not show that any process had ever issued for Bob Couch, or that he in fact was wanted as a witness, save that he was named in the first application. When the court overruled appellant's application he ordered attachment for both Wilson and *Bob* Couch. The next day, and before announcing for trial, appellant filed what he called his supplemental application for continuance, wherein he stated that the name of *Bob* Couch had been inadvertently inserted in the former application and averred that it was *Homer* Couch whom appellant really wanted and for whom process had been issued. Skaro v. State, 43 Texas 88; Brown v. State. 3 Tex. Crim. App. 294. Dreeben Crosby was not mentioned in the first application, but for the first time appellant asked continuance because of his absence in the supplemental application. As to Dreeben Crosby the supplemental application must be treated as a subsequent one under the authorities cited in our original opinion and as to him did not measure up to the statutory requirements. The trial was had on the 2d day of February. According to the supplemental application subpoenas had been issued

for Homer Couch on September 17th and 20th, one to Harrison County and one to Dallas County, and the witness reported not found in each instance. The record is silent as to any effort to serve said witness with process, to locate him, or to take out additional process between that time and the 29th day of January, when subpoena was again issued to Harrison County. This was only three days before the trial. If the witness was in fact served in time to appear in court lack of diligence would be immaterial. If not served, the delay in taking out additional process would show lack of diligence. The subpoena which had been issued on January 29th was not in court when the supplemental application was presented on February 2d, and appellant requested the court to ascertain whether such subpoena had been served. In his qualification to the bill the court says the subpoena set out in the bill was returned after the trial, and further says:

"That upon the presentation of said supplemental motion for continuance the court called upon the sheriff for information as to whether said subpoena had been served upon the witnesses Homer Couch and Dreeben Crosby, and the sheriff in open court stated that his information was that the witnesses could not be found within Harrison County and were out of the County."

The court's qualification as above set out is properly a part of the bill, the matters related having occurred in open court, and seems to reflect an effort to comply with appellant's request that the court ascertain if the witnesses had been served. It was at this point the court was called upon to rule upon appellant's supplemental application. From the facts then before the court he was justified in overruling the application for lack of diligence, for all the information then available indicated that the subpoena had not been served. The further qualification placed upon the bill cannot be considered. The facts therein stated seem to have been ascertained from an investigation made by the judge after the trial and not shown to have been made in open court, and therefore is not properly a part of the record, nor a proper qualification to the bill. See Revill v. State, 87 Tex. Crim. Rep. 1, 218 S. W. 1044. The subpoena copied in the bill of exception contains names of other witnesses than Couch and Crosby. A check mark in pencil appears on their names and not on the others. The officer purporting to make a return of the subpoena was J. S. Boyd. The return sets out the name of no witness as having been summoned, but fees are charged for serving two witnesses. From this fact and the check marks appellant claims this court would be justified in

holding that the two witnesses named were served. We cannot reach such conclusion without indulging in presumptions in aid of the return on the subpoena and therefore a presumption in aid of the bill itself, which we cannot do. The case was tried on the 2d day of February. The motion for new trial was not acted on until ten days later. Under the circumstances the burden was on appellant to show that the subpoena had in fact been served. This might have been done by Boyd's affidavit or by calling him to testify upon the hearing of the motion. Neither course was pursued. The record being silent upon the issue, we feel constrained to hold that the bill fails to show that the court committed error in denying the application for continuance or in overruling the motion for new trial based upon such action.

The motion for rehearing is overruled.          *Overruled.*