### J. O. PETTY V. THE STATE.

No. 11307.   Delivered January 18, 1928.

Rehearing denied State February 29, 1928.

**1.—Possessing Intoxicating Liquor—Evidence—Admissions of State—Cannot Be Contravened.**

Where, on a trial for possessing intoxicating liquor, the state in writing admitted that it was a fact, and if Dr. Thompson was present on the trial he would testify that whiskey was a necessary medicine for the defendant himself, and also for his wife, and it was not permissible for the state to subsequently contravene the truth of such admission on the trial of the case. See Branch's Ann. P. C., Sec. 325, p. 191; Roberts v. State, 143 S. W. 614; also Underhill on Crim. Ev. (3rd Ed.), Sec. 425.

**2.—Same—Evidence—Purpose of Possession—"Prima Facie" Proof—Not Conclusion.**

While Art. 671, P. C., makes the possession of more than a quart of intoxicating liquor, prima facie evidence that the possession thereof was for the purpose of sale, this "prima facie" evidence is not conclusive, and the accused may rebut this "prima facie" proof by showing the legality of the possession. See Caldwell v. State, 289 S. W. 411; Art. 668, P. C.

**3.—Same—Continued.**

The state having admitted that whiskey was necessary for use as a medicine both by appellant and his wife, this admission controverted the "prima facie" case arising from the possession of more than a quart of whiskey.

**4.—Same—Argument of Counsel—Not Excepted To—No Error Presented.**

Where the argument of state's counsel was clearly unwarranted, and of a very harmful nature, but no objection was made nor exception taken by appellant to such argument at the time it was made, no error is presented.

ON REHEARING BY STATE.

**5.—Same—No Error Disclosed.**

On rehearing a further consideration but confirms us in the correctness of our original opinion as to the admissions of the state and the argument of counsel as therein expressed, and the motion for rehearing is overruled.

Appeal from the District Court of Dawson County.  Tried below before the Hon. Gordon B. McGuire, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty four years in the penitentiary.

*Lockhart & Garrard* and *F. D. Brown* of Lubbock, for appellant.   On admissions of state, appellant cites:   Roberts v. State, 143 S. W. 614; Davis v. State, 152 S. W. 1094; Medford v. State, 229 S. W. 504.

*T. L. Price,* District Attorney, and *A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale, the punishment confinement in the penitentiary for four years.

Appellant sought a continuance because of the absence of Doctor A. W. Thompson.  In order to avoid the continuance, the state made the following admission:

"Now comes the state by her District Attorney and admits that if the said Doctor A. W. Thompson were present he would testify that he had at various times prescribed whiskey for the defendant's wife and for this defendant, and that said whiskey was a necessary medicine at all times for defendant's wife and was necessary as a medicine for the defendant himself at the various times prescribed and as the physician of this defendant's wife, he has advised that whiskey be kept in this defendant's house at all times for the use of this defendant's wife, and that said testimony is true."

Where defendant presents an application for a continuance for want of the testimony of an absent witness and state's counsel admits the truth of the facts proposed to be proved by said witness, it is not permissible for the state to subsequently contravene the truth thereof on the trial of the case.   Branch's Annotated Penal Code, Sec. 325, p. 191; Roberts v. State, 143 S. W. 614.  Also the jury are bound by the admission, and must consider the testimony of the absent witness to be true.  Underhill on Criminal Evidence, Third Edition, Section 425.  The burden rested upon the state to show that appellant possessed intoxicating liquor for the purpose of sale.  In attempting to discharge such burden, it was shown that appellant possessed more than a quart of whiskey, which had been discovered by officers in his home.  There was no evidence of either a sale or

of an attempted sale of whiskey. Proof of possession of more than a quart of intoxicating liquor is prima facie evidence of possession thereof for the purpose of sale. Art. 671 P. C., "prima facie" evidence is merely proof upon which the jury may find a verdict, and is not conclusive. Walden v. State, 272 S. W. 139. Although possession of more than a quart of intoxicating liquor is prima facie evidence of the possession thereof for the purpose of sale, the accused may show legality of possession. Caldwell v. State, 289 S. W. 411. Possession of intoxicating liquor for medicinal purposes is lawful. Art. 668, P. C. Appellant defended on the ground that he possessed the liquor in question for medicinal purposes. As stated, the state admitted that whiskey was a necessary medicine at all times for appellant's wife, and that he had been advised by his physician to keep whiskey in his home at all times for her use. This admission was conclusive as to the facts embraced. The state was not authorized to controvert it. The jury were bound to accept it as true. In this condition of the record the admission controverted the prima facie case arising from the possession of more than a quart of whiskey. This is not to say that the state would, on another trial, be bound by the admission made on the present trial.

In his argument the County Attorney scoffed at the idea that appellant's wife required whiskey as a medicine, and, in effect, charged that appellant's defense was fabricated. The qualification appended to the bill of exception preserving the complaint lodged against the argument shows that appellant failed to object to the argument and made no request that the jury be instructed not to consider it. In this condition of the bill no error is presented. However, the argument was highly improper and would have constituted reversible error if complaint had been made at the time and properly preserved by bill of exception. In the face of the admission hereinbefore discussed, it was improper and prejudicial for the County Attorney to controvert in argument or otherwise the facts embraced in said admission.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

MORROW, Presiding Judge.—To avoid a continuance because of the absence of Doctor Thompson, the state admitted as

true that whiskey was necessary as a medicine at all times for the defendant and his wife; that it had been prescribed by a physician for the defendant's wife, and advice given that it be kept at all times in the home of the defendant. By making this admission, the state was able to force the defendant to trial. If the admission had not been made, it would have been necessary to have continued the case. The state thereby having obtained the advantage, was in no position to controvert a fact which it had admitted to be true. On the subject Mr. Underhill, in his work on Criminal Evidence, (3rd Ed.) Sec. 425, deduces from many precedents which are cited, the following:

"The statements go to the jury as true, and it is their positive duty so to regard them. They are not open to contradiction. * * * The state must admit the truth of the evidence absolutely."

See Roberts v. State, 65 Tex. Crim. Rep. 62; Davis v. State, 68 Tex. Crim. Rep. 400; Sutton v. State, 76 Tex. Crim. Rep. 70; Brown v. State, 76 Tex. Crim. Rep. 316; Medford v. State, 89 Tex. Crim. Rep. 1; Walker v. State, 90 Tex. Crim. Rep. 56.

In a bill of exceptions complaint is made of the following argument of counsel for the state in his address to the jury:

"After he was under indictment for unlawfully handling liquor, he goes and hunts up that man, Dr. Tate, and gets him to go down there—and come here and testify that he found his wife in a nervous condition and prescribed whiskey for her. A horse doctor ought to know better. A highly stimulating intoxicant to a little woman under a high state of nervousness. When I heard that he had been in the ministry, but wasn't working at it now, I could understand why he quit preaching.

"He says Doctor Thompson told him to buy whiskey for his wife, but he goes to Dr. Tate and gets him to prescribe for his wife whiskey for a highly nervous condition. If that proves anything, gentlemen, it proves a general—a manufactured testimony in this case to hoodwink * * * and escape the toils of the law. That's all it proves—just a multiplicity of protection. And they have the gall and temerity to come before this jury and ask because Dr. Thompson is sick * * * and after he got in the toils of the law Dr. Tate came down here. * * * Manufactured, untrue, for a foul purpose, to defeat the law. Who can question it?"

In the motion for rehearing counsel for the state advances the proposition that in view of the fact that Dr. Tate, a physician, testified for the appellant that he had examined the appellant's wife, had found her debilitated and nervous due to her change

of life, and had prescribed whiskey for her as medicine, that the state was privileged to controvert the truth of the admitted fact upon which the continuance was granted. The allowance of the bill makes it clear that the argument was made, but as. qualified, is equivocal touching an exception to the remarks at the time they were made. In view of the admission it may have been unnecessary for the appellant to have proved by any other witness the illness of his wife or the necessity of the use of whiskey as medicine. The fact that it was proved by another witness would not operate to nullify the admission of the state upon which the continuance was refused. However, as stated in the original opinion, in view of the admitted truth of Doctor Thompson's testimony on the present trial, the evidence is not deemed sufficient to support the verdict. The admission, of course, would not operate in another trial.

The state's action for rehearing is overruled.

*Overruled.*