# MARCH 7, 1934

### HARVEY FERGUSON V. THE STATE.

No. 16458.  Delivered March 7, 1934.
Reported in 69 S. W. (2d) 117.

The opinion states the case.

*R. T. Wilkinson, Jr.,* of Mt. Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Prosecution is for assault with intent to murder, the punishment being eighteen months in the penitentiary.

The assault was alleged to have been committed upon Elvin Corn. The facts, briefly stated, follow: Appellant lived with his mother, Mrs. Lily Crone. On the night of August 3, 1933, the young people in the neighborhood attended a dance at a neighbor's house. Mrs. Crone let appellant have a mule to work to a wagon, which was the conveyance to the party, the other animal in the team being furnished by Carlton Lawrence. Elvin Corn, his wife, and several others also went in the wagon with Carlton and appellant. The evidence shows that some drinking of intoxicating liquor was indulged in, which probably accounts for the trouble. While at the dance a difference arose between appellant and Lawrence. Appellant's version was that he was knocked down by Lawrence and struck in the head with a pistol by Corn. Their version was that appellant had a knife, threatening to cut Lawrence, and that Corn took the knife from appellant; that Corn had no pistol nor used one. They admit that appellant was struck by Lawrence with his fist and that appellant then left the dance on foot. Soon afterwards, Corn, Lawrence and others left in the wagon, going towards home. Appellant claims they overtook him on the road and was then accused by Corn of having stolen a pistol from him and threatened if appellant did not have the pistol for Corn when he reached the house that he (Corn) would take it out in "blood and hide"; that Corn fired at appellant with a pistol as he again started towards his home. Corn and Lawrence deny that this last occurrence happened as appellant claimed, but say when they encountered appellant on the way home he sought to renew the trouble with Lawrence, and was prevented by Corn from doing so. Appellant reached home before the parties in the wagon got there and claims to have told his mother, Mrs. Crone, about the trouble at the party and on the way home. According to the state's evidence, when the parties reached Mrs. Crone's, the mule was unharnessed and turned in the lot by Corn; that appellant came from the house with a shotgun and fired at Corn, striking him in the right arm and leg, at which time Corn was unarmed and making no attack or threatened attack on appellant. The latter claims and so testified that Corn had

a shotgun and that after turning the mule in the lot he came towards the house, threatening to kill appellant, and made a demonstration as though to fire at him, whereupon appellant fired upon Corn in self-defense.

Appellant sought a continuance for his mother, Mrs. Crone. She had been subpoenaed as a witness in his behalf. There can be no doubt as to the materiality of the evidence as set out in the application for continuance. She was an eyewitness and her testimony would have supported that of appellant in every particular as to what occurred at the time of the shooting. The case was called for trial on Monday, September 18th. Attached to the application was the certificate of a physician at Winnsboro, bearing date September 16th, which reads as follows: "I have examined Lyly Crone and find that she has a nervous breakdown, and might not be able to attend court very soon."

The court refused the continuance, to which exception was reserved. The motion for new trial was predicated in part on the action of the court regarding the continuance. Attached to the motion was the affidavit of Mrs. Crone, setting out in detail the things to which she would have testified, if present, and which comport with the averments in that respect found in the application for continuance. There is no statement in the affidavit explanatory of witness' absence at the time of the trial. Upon hearing of the motion the state introduced two parties who were also state's witnesses on the main trial. From their testimony it appeared that Mrs. Crone was seen at Clearwater and also at Winnsboro, some eighteen miles from her home, on Saturday before the trial on Monday; that she was on the street most of the day, and that there was nothing in her appearance indicating ill-health, but she was heard to say by one of the witnesses that she was sick and was there to see a doctor, and was seen by the other witness on the stairway leading up to the office of the doctor whose certificate was attached to the application for continuance. It is clear from the court's qualification to Bill of Exception No. 2 that he was of opinion that Mrs. Crone was not so ill that she was unable to attend court, but that she had voluntarily absented herself for the purpose of forcing a continuance. From the wording of the doctor's certificate, the failure of appellant to have the doctor present to testify when the motion for new trial was heard, the omission from Mrs. Crone's affidavit of any explanation of her absence, and the evidence of the two witnesses named, the court was not without grounds upon which to predicate his conclusion. Some things, however, are found in the court's qualification that appear to have been based upon the personal knowl-

edge of the trial judge and from information which reached him in some way,—whether in the court room or privately,—not being shown. We quote from Revill v. State, 87 Texas Crim. Rep., 1, 218 S. W., 1044, as follows: "The qualification of the judge must state the facts that occur in court and under his cognizance as a judge, or, if it be extraneous and dehors the record, then proper evidence must be shown. * * * He cannot go out and inform himself of facts * * * and then * * * use in court the facts thus obtained."

See Leonard v. State, 53 Texas Crim. Rep., 187, 109 S. W., 149, and other cases cited in the opinion of Revill v. State, supra; also Crosby v. State, 108 Texas Crim. Rep., 28, 299 S. W., 236.

If there was anything in the record supporting the idea that Mrs. Crone was absent by the procurement or consent of appellant, the court's action in overruling the motion for new trial should be sustained. She may have been able to attend court and wilfully absented herself, but if appellant was not a party thereto her absence is not chargeable to him. See Wilson v. State, 80 Texas Crim. Rep., 442, 190 S. W., 155. The record shows that appellant was arrested on the second day of September and placed in jail, where he had remained continuously from that date until the conclusion of his trial. If he had ever seen his mother during said time or had any communication with her, the record is silent regarding it. So far as we ascertain from the facts before us, the only information he had regarding his mother's condition was contained in the doctor's certificate. It is recited in the application for continuance that appellant had been "informed and believed" that his mother was unable to attend court. In connection with and in support of such recital the doctor's certificate was tendered. As we understand it, the witness lived about fourteen miles from the court house. If the court was reasonably certain that she was feigning illness, he could, of his own motion, have ordered an attachment for her, and her condition could have been ascertained before the trial was terminated. In view of the facts, the evidence of Mrs. Crone appears so material to appellant that we believe the court should have granted the motion for new trial in order that he might have the benefit of her testimony.

Appellant admitted the shooting but claimed it was in self-defense. Complaint is urged that in submitting such affirmative defense issue the court omitted to instruct the jury on reasonable doubt in direct connection therewith. It is doubtful if the objections to the court's charge were sufficient specific to

direct attention to the point.   In view of another trial, we refer to Shannon v. State, 115 Texas Crim. Rep., 249, 30 S. W., 311, for our views regarding the matter.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*